[Crim. No. 848.   Second Appellate District, Division One.—March 16, 1922.]

THE PEOPLE, Respondent, v. H. A. WATSON, Appellant.

[1] CONSTITUTIONAL LAW—SEARCHES AND SEIZURES—APPLICABILITY.— The fourth and fifth amendments of the federal constitution apply to searches and seizures only when made by the federal government and its agencies and constitutes no limitation on the power of the states.

[2] CRIMINAL LAW—BURGLARY—ILLEGAL SEIZURE OF ARTICLES—ORDER DENYING APPLICATION FOR RETURN — APPEAL FROM JUDGMENT — ORDER NOT REVIEWABLE.—An alleged erroneous ruling in denying a timely application of a defendant charged with burglary for a return of the articles illegally seized from him and later used as evidence against him cannot be reviewed on appeal from the judgment of conviction.

[3] ID.—JURY—UNFAIR METHOD OF INTERROGATION—REMARK OF COURT —LACK OF PREJUDICE.—In a prosecution for the crime of burglary, the substantial rights of the defendant were not prejudiced by the action of the court in giving expression to the opinion that defendant's interrogation of one of the prospective jurors

---

2. Admissibility against defendant of documents or articles taken from him, notes, 59 L. R. A. 465; 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834.

was misleading and unfair, where not only was the juror excused upon the peremptory challenge of the defendant, but his right to such challenges was not exhausted.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter C. Davison for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

SHAW, J.—Upon an information charging him therewith, defendant was convicted of the crime of burglary in the second degree. He has appealed from the judgment and an order denying his motion for a new trial.

That the evidence is ample to justify the verdict is not questioned.

It appears that by means of a pass-key the house of J. M. Oakey was burglariously entered in his absence in the daytime and a pair of socks, necktie, and a child's bank containing a small sum of money stolen therefrom. Shortly thereafter defendant was apprehended and upon a search of his person, had without warrant, a bunch of pass-keys, the stolen necktie, and socks, together with a small sum of money, were discovered in his possession.

When the case was called for trial defendant, pursuant to notice theretofore given, moved the court that an order be made requiring the articles so taken from defendant to be returned to him. The motion was denied and, over defendant's objection, the articles were received in evidence, together with testimony that he had possession of the pass-keys. He insists that the ruling of the court in denying his motion and permitting the introduction of such evidence was in violation of his rights guaranteed by the fourth and fifth amendments to the constitution of the United States, and sections 13 and 19 of article I of the constitution of the state of California, in support of which he cites the case of *People* v. *Mayen*, 35 Cal. App. Dec. 442.

[1]  We may dismiss from consideration the provisions of the federal constitution for the reason that it is well settled that the fourth and fifth amendments thereof, invoked by defendant, apply to searches and seizures only when made by the federal government and its agencies (*Weeks* v. *United States,* 232 U. S. 383 [Ann. Cas. 1915C, 1177, L. R. A. 1915B, 834, 58 L. Ed. 652, 34 Sup. Ct. Rep. 341]; *Barron* v. *City of Baltimore,* 7 Pet. (U. S.) 243 [8 L. Ed. 672]; *Smith* v. *Maryland,* 18 How. (U. S.) 76 [15 L. Ed. 269, see, also, Rose's U. S. Notes]), and constitutes no limitation on the power of the states. Indeed, the rule announced applies to all the amendments, unless a contrary purpose is clearly stated or implied by the terms in which they are expressed.

[2]  As to the application of sections 13 and 19 of article I of the constitution of this state, it must be conceded that the opinion of the district court of appeal in the case of *People* v. *Mayen, supra,* lends strong support to appellant's contention. That case, however, after decision by the court of appeal, was transferred to the supreme court which, in an elaborate opinion (found in (Cal.) 205 Pac. 435), discussed the question presented by appellant in the instant case at great length, among other things saying that "evidence which is pertinent to the issue is admissible, although it may have been procured in an irregular or even in an illegal manner"; and that in a criminal prosecution the action of the trial court in denying a timely application by the defendant for a return of the articles illegally seized from him and later used as evidence against him, counter to his objection, cannot be reviewed on appeal from the judgment of conviction. Hence, conceding the articles were wrongfully and illegally taken from defendant's possession and in violation of his constitutional rights, the ruling of the court in refusing to make an order that the same be returned to him cannot be reviewed on this appeal, which is from the judgment pronounced upon his conviction in a criminal action. The Mayen case, as decided by the supreme court, is an authority not only supporting the ruling of the trial court in receiving the articles in evidence, but also in support of the proposition that on appeal from the judgment pronounced herein defendant is

not entitled to a review. of the alleged erroneous ruling of the court in denying the motion.

[3] While selecting the jury the court, though not restricting the examination, gave expression to the opinion that defendant's interrogation of one of the prospective jurors was misleading and unfair. This action on the part of the court is assigned as prejudicial misconduct. There is no merit in the contention. Not only was the juror excused upon the peremptory challenge of defendant, who did not exhaust his right to such challenges, but conceding the court should have refrained from criticising the question which it permitted to be asked and answered, it is impossible to perceive how the substantial rights of defendant could in the slightest degree have been prejudiced by reason thereof.

The judgment and order appealed from are affirmed.

Conrey, P. J., and James, J., concurred.