### M. J. (DICK) NEWTON v. STATE.

No. A-4016. Opinion Filed Aug. 14, 1923.
Rehearing Denied Feb. 29, 1924.
(223 Pac. 195.)

(Syllabus.)

1. **Judges—Disqualifications—Mere Belief that Accused Guilty.** The mere fact that a trial judge may believe that an accused person is guilty as charged will not operate as a disqualification.

2. **Intoxicating Liquors—Evidence Incidentally Obtained on Seizure of Automobile Admissible.** Where, as under the circumstances here, an automobile in transit is discovered by peace officers used as an illegal conveyance of intoxicating liquor, and such automobile is seized and adjudged forfeited to the state, evidence incidentally obtained showing that the accused was violating the prohibitory law is admissible.

**3.** **Arrest—Arrest Without Warrant in Act of Committing Misdemeanor.** Where an officer apprehended the defendant in the act of violating the law (committing a misdemeanor), the officer had a right to make the arrest without a warrant, and evidence incidentally obtained is admissible.

Appeal from County Court, Jackson County; J. M. Williams, Judge.

M. J. (Dick) Newton was convicted of the unlawful possession of intoxicating liquor, and he appeals. Affirmed.

S. B. Garrett, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. M. J. (Dick) Newton, plaintiff in error, here designated the defendant, was by information filed January 20, 1921, charged with being in the unlawful possession of intoxicating liquor on January 18, 1921. At the trial, April 30, 1921, by a verdict of the jury he was found guilty, with the punishment fixed at confinement in the county jail for a period of 180 days and a fine of $500. From the judgment on the verdict he appeals.

The defendant was a farmer, residing 12 or 15 miles from the city of Altus, the county seat of Jackson county. On the day of his arrest he drove from his farm to a place near a hotel in Altus in a one-seated Ford car. With him on this trip was a negro named Sam Watson. Defendant parked his car near the hotel and went away to some other part of town. A short time thereafter the sheriff, or deputy sheriff, came along and arrested Sam Watson, who was sitting on a running board of the car, and upon searching the car found it to contain 3 gallons of whisky, carried in oil cans, and one quart bottle filled with whisky. In just a few minutes the defendant came along and was arrested by

the officers and jointly charged with the negro with having unlawful possession of intoxicating liquor.

The sheriff testified that, after putting Newton and the negro in jail, he went to the place where the defendant resided, and found in the house a white woman, the wife of Jim Sherill, three negro men, and one negro woman; that in a dugout he found a still in operation, with a liberal supply of wood under it, and the fire burning. He also found three 50-gallon kegs full of mash and all the paraphernalia necessary to manufacture whisky. On the trial of the case the negro turned state's evidence, and testified to the making and selling of whisky by defendant, his testimony being corroborated by the circumstances above related.

The defendant makes numerous assignments of error, only two of which are discussed in his brief. First the defendant contends that error was committed by the failure and refusal of the county judge to disqualify as trial judge. To support the claim that the judge was disqualified defendant filed an affidavit before the trial commenced, which is as follows:

"Comes now M. J. (Dick) Newton, the defendant in the above styled and numbered case, and says that Hon. J. M. Williams, county judge of Jackson county, Okla., and before whom the above styled cause is pending, has bias and prejudice in said cause, and that on account of said bias and prejudice of the said Hon. J. M. Williams, the defendant cannot have a fair and impartial trial of this cause before the said Hon. J. M. Williams, the court having tried cause No. 588, State of Oklahoma v. A Ford Car, in which it was alleged that the car was the property of this defendant, the facts and witnesses being largely the same, and this court, having held adversely to this defendant in that case, now has his mind made up against this defendant, wherefore the defendant asks that he be granted a change of judge for the trial of this cause."

Under the previous holdings of this court the mere fact that a trial judge may believe that an accused person is guilty as charged will not operate as a disqualification. Such fact will not so operate either at common law or by virtue of our statutes, section 2630, Comp. Stat. 1921. State v. Lockridge, 6 Okla. Cr. 216, 118 Pac. 152, 45 L. R. A. (N. S.) 525, Ann. Cas. 1913C, 251; Ingles v. McMillan, 5 Okla. Cr. 130, 113 Pac. 998, 45 L. R. A. (N. S.) 511; Powers v. Cook, 48 Okla. 43, 149 Pac. 1121, L. R. A. 1915F, 766.

It is next urged that the oil cans and the quart bottle containing whisky taken from defendant's car without a search warrant were illegally obtained, and that under such circumstances neither the whisky nor the containers could be properly introduced as evidence against the defendant. In this connection the evidence shows that the officers seized this automobile, which was forfeited to the state under the provisions of sections 7023 and 7024, Comp. Stat. 1921. These sections of our statutes are analogous to our National Prohibition Act (41 Stat. 305-315) on the same subject. Likewise the inhibitions contained in our federal and state Constitutions against unlawful searches and seizures are almost identical. Now the federal courts have held, in substance, that an automobile used illegally to transport intoxicating liquor is an inanimate "outlaw." The moment the owner uses it for such purpose it becomes forfeit to the United States. The judgment of forfeiture, afterwards made, relates back to the time it was first used for such illegal purpose. The illegal use of the car, and not its seizure, operates to bring about the forfeiture. We assume that the same rule will apply in a forfeiture to the state. If that be true, the property of the defendant in this case was not seized or searched. It was the property of the state, and the motion of the defendant to exclude the evidence so procured was

for that reason properly overruled. If this deduction be not correct, the objection was properly overruled for another reason.

When apprehended by the officer the defendant was in the act of violating the law (committing a misdemeanor), and the officer had a right to make the arrest without a warrant, and evidence obtained incidentally to such arrest would be admissible. These conclusions are well illustrated in the case of United States v. Fenton (D. C.) 268 Fed. 221, from which we quote at length:

"Defendants were convicted of unlawfully transporting in an auto, some 130 quarts of whisky, the auto and whisky were adjudged forfeited to the United States, and defendants move for a new trial upon the ground that their arrest and the seizure of the whisky and car were without process, in violation of the Fourth and Fifth Amendments, and unlawful; that the evidence at the trial was the whisky and the testimony of the delinquent officers; and that defendants preserved their rights by motion before trial (heard at trial and decision reserved) for return of the whisky and auto.

"From the evidence it appears that the arrest and seizure were about 75 miles south of the boundary line; that the officers had heard that several unnamed persons and autos were that night coming with whisky smuggled from Canada; that to capture them they located themselves 20 yards apart along the road; that about 3:30 a. m. defendants' auto slowly approached from the north; that the officer nearest turned a flash light upon them, and ordered them to halt, which they refused to do; that so likewise ordered the second and the third officer, as defendants reached and passed them; that when the auto was a length or so past the first officer he fired to puncture the tires; that when about ten feet past the third officer he overtook it, mounted the running board, and was ordered off by defendants with gun display; that the officers, with display of weapons,

forced the defendants to stop, arrested them, searched, found the whisky, some of which was visible before search, in part of Canadian brand, and seized auto and whisky.

"Defendants were taken in commission of a misdemeanor, if not of a felony. Whether or not, in the circumstances of the time, place, common knowledge of whisky running, information of the officers, and the incidents of the arrest, the misdemeanor was committed 'in the presence' of the officers (see In re Morrill [C. C.] 35 Fed. 267, and 5 Corp. Jur. 416), whether or not defendants were subject to arrest without process as at common law, as night walkers or prowlers reasonably subject to suspicion, whether or not the officers had reasonable grounds to believe defendants had committed a felony, whether or not the arrest and search are lawful, or either or both amendments violated, defendants' motions must be denied.

"An unlawful arrest of an offender does not work a pardon in his behalf, and seizure without process and by force of government property, of which it is entitled to immediate possession, does not entitle the offender to a return of the property, nor to exclusion of its use in evidence against him. The auto and whisky, by virtue of the National Prohibition Act (41 Stat. 305), were forfeited, and thereby transferred to the United States, the moment defendants embarked upon the unlawful transportation. * * * Silverthorne's Case, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, and cases therein cited, apply to search and seizure of the offender's papers and property and use thereof in evidence, and not to those of others, of which the offender had unlawful possession. The first violates both amendments; the second, neither, so far as the return of the seized articles and their exclusion as evidence are concerned."

Deciding, as we do, that this evidence so procured was admissible because it was obtained while making an arrest of persons then engaged in the commission of a misdemeanor, although without a warrant, it will not be necessary to exhaustively review the authorities holding that evidence pro-

cured through an illegal search and seizure would not be admissible. Upon the question the authorities are in sharp conflict. This court has held that testimony illegally obtained is admissible, while the United States courts almost uniformly hold that it is not. But as to whether or not this court will recede from its former holdings on that subject will be reserved for future determination in some case where that question is necessarily involved.

Recent decisions of the Supreme Court of the United States concerning the use of evidence procured by an illegal search or seizure are Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Burdeau v. McDonald, 256 U. S. 465, 41 Sup. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; annotations to 13 A. L. R. 1168.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.