[Crim. No. 1461. First Appellate District, Division One.—June 27, 1928.]

THE PEOPLE, Respondent, v. VICTOR LAMANUZZI, Appellant.

Lindsay & Gearhart for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

CASHIN, J.—Defendant was charged by an information filed in the superior court of Fresno County with the unlawful possession of intoxicating liquor and with having been previously convicted of a like offense. He was convicted on each charge and appeals from the judgment entered thereon.

It is urged that the previous conviction was not charged by the information in the manner required by law; that the evidence was insufficient to support this charge, and that the court erred in admitting certain testimony over objection.

■ The information alleged that the defendant "in the police court of the city of Fresno previously pleaded guilty to the offense of possessing intoxicating liquor; that the judgment upon said plea of guilty was pronounced, rendered, given and made on the 3rd day of May, 1923, and has never since been reversed, annulled or set aside." It is contended that the information was insufficient in that it failed to allege that the possession charged in the police court was unlawful.

We find no merit in this, as the pleading sufficiently described the judgment of conviction and no substantial right of the defendant was prejudiced by reason of the defect or omission, if any (Pen. Code, sec. 960). ■ It appears from the record of the police court introduced in evidence that a plea of guilty was entered by the defendant to the charge upon which the judgment in question was based. The material portions of this judgment were as follows: "On the 3rd day of May, 1923, said defendant Victor Lamanuzzi appeared for judgment, and thereupon the court ordered judgment as follows, to wit, Wherefore it is ordered and adjudged as a punishment for the offense of possessing intoxicating liquor committed at the city of Fresno in said county on or about April 18, 1923, as charged in the information aforesaid, that you, the said defendant Victor Lamanuzzi, do pay a fine, etc." Defendant contends that it was not shown by the judgment of the police court or from the complaint referred to therein that the possession

charged in that proceeding was unlawful, and that the evidence was consequently insufficient to support the verdict that a prior offense had been committed. Although the complaint was not offered in evidence and the judgment fails to expressly recite that the possession charged was unlawful, it is nevertheless stated therein that such possession, as the same was charged in the complaint, was an offense to which the defendant had entered a plea of guilty. The judgment was not void and was sufficient to show a prior conviction of a like offense (*Ex parte Murray*, 43 Cal. 455; *Ex parte Raye*, 63 Cal. 491; *People* v. *Kelly*, 120 Cal. 271 [52 Pac. 587]; *People* v. *Gregory*, 8 Cal. App. 738 [97 Pac. 912]).

■ A witness for the prosecution testified over objection that intoxicating liquor was found on premises in the possession or control of the defendant on two occasions which preceded the date of the offense charged. This testimony was competent for the purpose offered and properly admitted (*People* v. *Johnson*, 63 Cal. App. 178 [218 Pac. 449]; *People* v. *Silva*, 67 Cal. App. 351 [227 Pac. 976]; *People* v. *Petrovich*, 67 Cal. App. 405 [227 Pac. 978]; *People* v. *Buttulia*, 70 Cal. App. 445 [233 Pac. 401]; *People* v. *Mullaly*, 77 Cal. App. 60 [245 Pac. 811]).

We find no error in the record and the evidence was sufficient to support the verdict.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.