[Crim. No. 1157.   Third Appellate District.—July 8, 1931].

THE PEOPLE, Respondent, v. JOSEPH J. BETTEN-COURT, Appellant.

James T. Matlock for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of the crime of maintaining a nuisance, to wit, a place where alcoholic liquors are unlawfully kept for sale. The defendant moved for a new trial, which was denied. The appeal is from the order denying the motion for new trial, and also from the judgment of conviction.

The first point made for reversal is that the court erred in its instructions on the subject of reasonable doubt, in that it did not give to the jury the instruction found in the case of *Commonwealth* v. *Webster*, 5 Cush. (Mass.) 320 [52 Am. Dec. 711]. This contention is partly true, but it overlooks the fact that section 1096 of the Penal Code sets

forth the language that should be used in instructing the jury upon the subject of reasonable doubt, and no other instruction is requisite. The court gave to the jury all of the section referred to, but in so doing omitted the letter "a" in the expression "it is not a mere possible doubt", so that the instruction in this particular reads, "it is not mere possible doubt". Also, the court in quoting the section omitted the words "possible or", so that the clause as given to the jury read as follows: "and depending on moral evidence, is open to some imaginary doubt"; instead of reading: "possible or imaginary doubt". These verbal errors could have no possible influence upon the minds of the jurors. The intent and meaning of the instruction as given by the court is in substance just exactly as set forth in the section of the code. We think it would require more mental acumen than that possessed by the average juror, or even by court or counsel, to appreciate any difference in the legal effect of the expression "it is not a mere possible doubt", and "it is not mere possible doubt". The same is true of the expression as to "imaginary doubt" or "possible imaginary doubt". While the definition of "reasonable doubt" found in the Webster case sounds a trifle more learned than the precise language used by the legislature in framing section 1096 of the Penal Code, the wording of the section must be held as authoritative.

The appellant next objects to the failure of the court to give an instruction proposed by him on the subject of remoteness of certain of the testimony. A reference to the instruction given by the court to the jury shows that the contention of error in this particular is untenable for the reason that the court clearly instructed the jury on that subject, and was under no obligations to repeat the instruction already given, even if the instructions proposed by the appellant were not otherwise objectionable, as being argumentative, and also an instruction trespassing upon the rights of the jury as being an instruction upon the weight of the evidence.

It is next insisted that the testimony is insufficient to sustain a conviction, the basis being that most of the testimony relates to sales prior to the twenty-ninth day of January, 1931, and are more or less remote. Only in one instance does the defendant deny the sale, that being in rela-

tion to the alleged sale of a bottle of gin. The record shows that the defendant maintained a home at the place mentioned in the information; that other persons had been engaged in the unlawful manufacture and sale of intoxicating liquors at that place, and that the defendant himself had previously been arrested for a liquor violation, the testimony as to the defendant's previous violation of the liquor laws having been introduced by himself. The testimony of the different witnesses relative to the sales of liquor by the defendant extended over a period of approximately nine months. Three different witnesses testified as to the purchase of liquor, at the place in question, one of the witnesses testifying that he purchased liquor there a number of times; that he first purchased liquor of some woman at the place in question, and later purchased liquor from the defendant. The testimony of the witness Pieper is sufficient, if accepted by the jury, to show that he had sold him a bottle of intoxicating liquor at the place mentioned in the information on or about January 29, 1931. Witnesses R. W. DeVaney and H. N. Hobart related to the purchase of intoxicating liquors from the defendant at times preceding the 29th of January, 1931. Other witnesses testified as to the surrounding circumstances relating to the place and the frequency of visitors thereto. That this testimony is admissible is sustained by the following cases: *People* v. *Medalgi*, 94 Cal. App. 543 [271 Pac. 552]; *People* v. *Locurto*, 97 Cal. App. 185 [275 Pac. 462]; *People* v. *Lamanuzzi*, 92 Cal. App. 775 [268 Pac. 1082]. Other cases might be cited, but these are sufficient.

█ Evidence as to prior sales of liquor is admissible to show the character of the place and the purpose of the defendant in maintaining the same. (See cases cited, also *People* v. *Frankovich*, 64 Cal. App. 184 [221 Pac. 671]; *People* v. *Avila*, 78 Cal. App. 415 [248 Pac. 693].)

No effort is made to show that the liquor purchased by the respective witnesses was not fit for beverage purposes, and did not contain more than the lawful alcoholic content. The case appears to have been tried upon the theory that the liquor was of the character prescribed by the Volstead Act, and the only questions presented to the jury were as to actual sales and the maintenance of a place for conducting such business. Under such circumstances we

think the testimony introduced is sufficient under the authority of *People* v. *Rousseau*, 100 Cal. App. 245 [279 Pac. 819].

Again, it is not the number of sales, but the fact of keeping a place for the sale of intoxicating liquor that characterizes a place as a nuisance. (*People* v. *Mehra*, 73 Cal. App. 162 [and cases cited on page 167], [238 Pac. 802].)

That the language used by the witnesses in describing the liquor purchased is sufficient to show its unlawful character is supported by the cases of *People* v. *Silva*, 67 Cal. App. 351 [227 Pac. 976], *People* v. *Mueller*, 168 Cal. 521 [L. R. A. 1915B, 788, 143 Pac. 748], and *People* v. *Gray*, 67 Cal. App. 549 [228 Pac. 358]. That the testimony of one of the witnesses was given upon rebuttal during the introduction of the main portion of the case presented by the People furnishes no ground for reversal. It was within the discretion of the trial court, and it does not appear that the defendant was prejudiced thereby, or that the defendant asked for or desired to introduce any testimony contradictory of the testimony of such witness. Nor does it appear that the defendant asked for or desired any additional time in which to counteract the testimony so introduced.

A careful reading of the transcript fails to disclose any error upon which a reversal could be predicated. It therefore follows that the order and judgment of the trial court must be and they are hereby affirmed.

Preston, P. J., concurred.