[Crim. No. 2170. Second Appellate District, Division Two.—May 25, 1932.]

THE PEOPLE, Respondent, v. ROBERT R. EMMETT, Appellant.

Stanley Visel for Appellant.

U. S. Webb, Attorney-General, and Frank W. Richards, Deputy Attorney-General, for Respondent.

FRICKE, J., *pro tem.*—Appellant was found guilty of burglary of the second degree and grand theft, the jury also finding that he had suffered three prior convictions of felony. The evidence conclusively established that during the night of the 13th and 14th of July, 1931, the barn of the Fox Hills Riding Academy was burglariously entered and saddles and bridles of the value of $300 or more stolen therefrom and that appellant sold several of the stolen saddles and bridles to second-hand dealers under various fictitious names. Appellant made confession of his guilt of the crimes charged to the owner of the riding academy in the office of the sheriff in the presence of a number of witnesses. Appellant was not represented at the trial by counsel who now appears for him.

Appellant assigns as error the alleged misconduct of the trial judge during the examination of a prospective juror. During her examination by the court a juror stated that she had been the victim of a burglary, but that this experience would not tend in any way to prejudice her and that she would be able to give the defendant the same fair trial as if she had not had such an experience. Appellant's counsel challenged the juror for cause and the court disallowed the challenge. In the face of this ruling counsel stated, "There is no question but what there can be and probably is prejudice—" at which point the court interrupted with an inquiry as to whether counsel was accusing the juror of perjury. The defense then excused the juror by a peremptory challenge, following which the court said: "I desire, on behalf of this defendant, to apologize to you Mrs. Ellingwood, for the very ungentlemanly insinuations of this man." Counsel assigned this as error and the court responded: "Your standing before these courts Mr. ——— is

not such to entitle you to any great consideration," which remark was also assigned as error. Following the acceptance of the jury the court asked both counsel whether they would waive the formal reading of the information in view of the fact that the court had already stated its contents to the jury during the *voir dire* examination. This appellant's counsel declined to do, whereupon the court said: "I will say this. This is the first case I have ever had in about 12 years occupancy of the bench where counsel has demanded that the clerk perform the rather arduous and lengthy duty of reading a long information, the contents of which the court has already stated. If you desire to impose that additional work on the clerk, of course it is your privilege to do that, and the clerk will read the information, the amended information." Appellant contends that the foregoing remarks of the trial court constituted prejudicial error. Counsel should not have made the insinuations that the juror was prejudiced after the court had ruled and disallowed his challenge for cause, and the refusal to waive the reading of the information, while within his rights, appears not to have been prompted by a desire to serve his client, but rather evidenced an unwillingness to comply with a reasonable request of the court. Even so, the remarks of the trial judge did not add to the dignity of the court and had better been omitted. We cannot, however, see how the defendant could have been prejudiced by these incidents, especially since, though no request was made therefor, the court, of its own motion in its final instructions to the jury, instructed the jury that the reprimand of any counsel by the court or the conduct which occasioned it should not in the slightest degree prejudice the jury and that the verdict should be based solely on the evidence and the court's instructions as to the law. This appears to have been given not only because of the incidents above referred to but because of instances during the trial, not mentioned in the briefs, when the court found it necessary to admonish counsel and on at least one occasion to warn him that his conduct would lead to his punishment for a contempt of court unless he desisted, and which tend to show that the conduct of counsel at the beginning of the trial was more aggravating in character than the cold record would indicate. The incidents assigned do not warrant a reversal. (See *People* v.

*George,* 72 Cal. App. 124 [236 Pac. 934]; *People* v. *Costa,* 24 Cal. App. 739 [142 Pac. 508]; *People* v. *McDonald,* 167 Cal. 549 [140 Pac. 256]; *People* v. *Cramley,* 23 Cal. App. 340 [138 Pac. 123]; *People* v. *Watson,* 57 Cal. App. 85 [206 Pac. 648].)

■ After the recess following the reading of the information appellant filed an affidavit designed to disqualify the trial judge upon the ground of bias and prejudice against the defendant and his attorney. The only fact set forth in the affidavit is that the court made the remark during the impaneling of the jury that defendant's counsel "is not in good standing before this court". While there is an allegation that "other statements" were made by the court and that the court refused to permit certain questions to the jury, the affidavit fails to point out any specific instances, and there is an entire absence of any allegation of fact which will justify an inference that the court was biased or prejudiced in the slightest degree against appellant.

It is a basic and initial requirement of a proceeding under section 170 of the Code of Civil Procedure to disqualify a judge who is claimed to be biased or prejudiced that the party asserting such disqualification shall file with the clerk a written statement "setting forth the fact or facts constituting the ground of the disqualification of the judge". There having been a total failure on the part of appellant to set forth facts which, if true, would show bias or prejudice of the trial judge the proceeding contemplated by section 170 was never begun and the trial court was, therefore, not called upon to take any proceedings provided for by that section. (*People* v. *Berman,* 117 Cal. App. 334 [4 Pac. (2d) 226].)

■ Appellant finally assigns as error the refusal of the trial court to give the instructions requested by the defense and refused upon the ground that they were not submitted to the court until after the close of the evidence and during the prosecutor's opening argument and were, therefore, not submitted within the time required by section 607a of the Code of Civil Procedure and for the further reason that they were covered by the instructions given to the jury. As this court has previously held that section 607a of the Code of Civil Procedure has no application to criminal trials (*People* v. *Fink,* 121 Cal. App. 14 [8 Pac. (2d) 493]) a mere non-

compliance with that section would not justify the refusal of the instructions.

The trial court gave the instruction on the subject of presumption of innocence and the doctrine of reasonable doubt, as declared in section 1096 of the Penal Code, and the law is now settled that, where this is done, "no further instruction on the subject of presumption of innocence or defining reasonable doubt need be given." (Pen. Code, sec. 1096a; *People* v. *Bettencourt,* 115 Cal. App. 387 [1 Pac. (2d) 494]; *People* v. *Annunzio,* 120 Cal. App. 89 [7 Pac. (2d) 739]; *People* v. *Barnes,* 111 Cal. App. 605 [295 Pac. 1045]; *People* v. *Dykes,* 107 Cal. App. 107 [290 Pac. 102].) The instructions numbered 1, 2, 8, 9 and 10 were properly refused under the rule just stated, they being but variations of the rule declared in the instruction given.

The instruction numbered 3 was covered by the instruction on reasonable doubt and was properly refused upon the further ground that it improperly assumed that the case of the prosecution rested wholly upon circumstantial evidence and was furthermore inapplicable to a case in which there was but one defendant.

The instruction numbered 4 in effect declared that proof of the *corpus delicti* supplemented by a confession and possession of the stolen property shortly after it was taken would not be sufficient and was properly refused as being contrary to the law. (*People* v. *Russell,* 120 Cal. App. 622 [8 Pac. (2d) 209], and cases cited; *People* v. *Ross,* 61 Cal. App. 61 [214 Pac. 267]; *People* v. *Eldridge,* 72 Cal. App. 386 [237 Pac. 770].)

Instruction numbered 6 was properly refused as being specially directed to a consideration of the testimony of the defendant (*People* v. *Barnett,* 99 Cal. App. 409 [278 Pac. 885]; *People* v. *Khan,* 92 Cal. App. 534 [268 Pac. 701]; *People* v. *Heath,* 79 Cal. App. 20 [248 Pac. 1027]; *People* v. *Adams,* 199 Cal. 361 [249 Pac. 186]), and also as being covered by the court's instructions upon the credibility and weight to be given the testimony of witnesses generally.

Two of the instructions given by the trial court, assigned as error, are so obviously in accord with the settled law that the points are wholly without merit.

The judgment and order denying a new trial are affirmed.

Craig, J., and Works, P. J., concurred.