[Crim. No. 1674. First Appellate District, Division One.—February 27, 1933.]

THE PEOPLE, Respondent, v. C. C. NEWTON, Appellant.

J. B. Peckham for Appellant.

U. S. Webb, Attorney-General, and Seibert Sefton for Respondent.

THE COURT.—Defendant appeals from a judgment of conviction of the crime of maintaining a common nuisance and from an order denying a new trial.

It was testified that defendant on March 27, 1931, was in charge of a restaurant in Gilroy, and that on that date two sheriff's deputies entered the place and purchased from him two glasses of whisky and a pint of the same unlawful beverage. The restaurant was then searched and a bottle of whisky was found under the counter, and a larger quantity of liquor in the rear room. It was testified that the defendant admitted the ownership of the restaurant and

of the liquor found. He denied the sales and the admissions testified to by the prosecution's witnesses.

The information charged that "defendant did wilfully and unlawfully maintain a common nuisance, to wit, that said defendant . . . kept and maintained a place and building where intoxicating liquors, to wit, wine and whiskey, were kept, sold and stored . . . " The charge was made pursuant to the Wright Act, which was founded on the Volstead Act. The latter act provides that "Any room, house, building, boat, vehicle, structure or place where intoxicating liquor is manufactured, sold, kept or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance, and any person who maintains such a common nuisance·shall be guilty of a misdemeanor." The court charged the jury as follows: "It is alleged in the information that the place known as 285 Monterey Street, City of Gilroy, County of Santa Clara, State of California, is a place where a common nuisance was maintained. If you believe that on or about March 27, 1931, intoxicating liquor was sold, kept or bartered in that place, and that the intoxicating liquor was whiskey, then I instruct you that whiskey is an intoxicant and prohibited by law; and if you find that intoxicating liquor was so sold, kept or bartered in that place, then you are justified as a matter of law in finding it was a common nuisance." Further, that "In order to convict this defendant you must find first, that a common nuisance was maintained or conducted or kept at 285 Monterey street in the city of Gilroy, State of California; and if you find that intoxicating liquor was sold or kept or bartered in that place on or about the 27th day of March, 1931, then you are warranted as a matter of law in finding the ultimate fact that this place was a common nuisance."

With the exception of two drinks which, according to the evidence, were purchased, and the bottle found under the counter, it appears that the remainder of the liquor was found in another room in the building. As stated defendant denied that any sale was made or that he owned the liquor so found; and it was testified by a witness who claimed ownership of the restaurant that the liquor last mentioned belonged to him and was kept for his personal use. It has

been held that the mere fact that intoxicating liquor is found in one's possession, whether upon the person or in a building, is insufficient alone to constitute the crime of maintaining a common nuisance—that there must be something in addition to the mere unlawful possession to support the inference of a purpose to sell the liquor (*People* v. *Mehra,* 73 Cal. App. 162 [238 Pac. 802]; *People* v. *Fuller,* 73 Cal. App. 183 [238 Pac. 809]; *People* v. *Bettencourt,* 115 Cal. App. 387 [1 Pac. (2d) 494]). The testimony as to facts tending to show an unlawful purpose was conflicting; yet, as defendant contends, the jury following the instructions given might have found him guilty of maintaining a common nuisance although they believed that no sale was made and that the liquor found was not kept for that purpose. As the court said in *People* v. *Mehra, supra,* the instructions excluded the gist of the offense denounced by the act, namely, the maintaining of a place of common resort for the sale and distribution of intoxicating liquor. The record discloses no other instruction which states the rule laid down in the cases cited, or which tends to correct the erroneous conclusion which might have been drawn from the instructions complained of. In view of the testimony we are convinced that the instructions were prejudicial and that the defendant should have been granted a new trial.

The judgment and order are accordingly reversed and the cause remanded for further proceedings.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 14, 1933, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1933.