[Crim. No. 2186.   First Dist., Div. One.   Aug. 19, 1941.]

THE PEOPLE, Respondent, v. FRANK MURRAY, Appellant.

Raine Ewell for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

KNIGHT, J.—Appellant was found guilty by a jury on two separate charges of receiving stolen goods; and at the time of sentence he was adjudged an habitual criminal and sentenced as such to imprisonment in the state prison. Upon appeal the two convictions were affirmed, but the adjudication that appellant was an habitual criminal was annulled, and the cause was remanded to the trial court with directions to re-sentence appellant on said two convictions. (*People* v. *Murray,* 42 Cal. App. (2d) 209 [108 Pac. (2d) 748].) Thereafter and pursuant to the directions so given appellant was brought before the trial court, the same judge presiding, and a separate sentence of imprisonment was imposed for each conviction, and it was ordered that the sentences run consecutively; thereupon counsel for appellant gave oral notice of appeal.

In support of the appeal it is contended that the two convictions involved a single crime for which but one sentence could be imposed; and that therefore the trial court erred in imposing two sentences and ordering that they run consecu-

tively. There is no merit in the point. As shown by the record, two informations were filed against appellant, each charging a separate offense; the informations were consolidated for trial, and separate verdicts were returned whereby appellant was found guilty on each charge; on appeal the conviction "in each case" was affirmed, and the cause was remanded with directions to pronounce sentence "for the two convictions." Thus it will be seen that in pronouncing two sentences the trial court acted not only in conformity with judgments of conviction but in accordance with the directions given in the judgment of affirmance; and as provided in section 669 of the Penal Code, where two or more sentences are imposed it becomes the duty of the trial court to direct whether they shall run concurrently or consecutively. Appellant contends nevertheless that he was entitled to introduce evidence to establish that only one crime was committed, that he sought to do so, and that his application was denied. But nowhere in the record does it appear that any such application was made; and even if it had been made there would have been no error in denying the same for the reason that the state of the record called for the imposition of a separate sentence on each conviction.

At the opening of the proceedings for the re-sentencing of appellant his counsel demanded a continuance, stating he desired to prepare and file an affidavit to disqualify the trial judge for bias. There was no error in refusing to comply with such a demand. In this regard, it appears that just before the hour set for pronouncing sentence counsel for appellant entered the judge's chambers and began discussing with the judge matters relating to the case, and particularly with reference to whether the two sentences should run concurrently or consecutively; and on account of counsel's conduct, he was told to leave. However, there is an entire absence of anything in the record which would justify an inference that because of the incident mentioned the judge entertained the slightest degree of bias or prejudice against the appellant. Therefore since it does not appear that any grounds of disqualification existed, the demand for continuance was properly denied. (*People* v. *Emmett,* 123 Cal. App. 678 [12 Pac. (2d) 92].) Nor can it even be said that the order directing that the sentences run consecutively amounted to an abuse of discretion in view of the fact that

the evidence disclosed that appellant had a criminal record of five prior convictions of felony.

Likewise without merit is appellant's final contention that the trial court first directed that the sentences run concurrently and then changed its order to make them run consecutively. To the contrary it affirmatively appears from both the clerk's and the reporter's transcripts that but one order was made, to wit: that the sentences run consecutively.

The judgments of sentence and the order directing that they run consecutively are and each of them is affirmed.

Peters, P. J., and Ward, J., concurred.