## WAYMON DOWELL v. HALL, County Judge.

No. A-10866.    Oct. 1, 1947.

(185 P. 2d 232.)

H. Tom Kight, Jr., of Claremore, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., H. P. Daugherty, Co. Atty., of Claremore, and W. M. Hall, pro se, for respondent.

BRETT, J.   This case is here on a petition for writ of mandamus to require W. M. Hall, county judge of Rogers county, Okla., to certify his disqualification. It alleged, in substance, that the county judge was prejudiced against the petitioner, by reason of a trial had on February 19, 1947, presided over by said judge, in which there was a hung jury. The petition further alleged that the court manifested its prejudice by immediately setting the case for retrial on March 22, 1947. It further alleged that when the affidavit of disqualification was filed, the trial court refused to certify his disqualification. Petitioner contends as evidence of prejudice that said judge ordered the amended affidavit of H. Tom Kight, Jr., stricken from the record, but directed it to remain in the files.

The affidavit of H. Tom Kight, Jr., alleged, in substance, personal dislike on the part of the county judge toward him as counsel for the defendant. As further grounds for the disqualification of the county judge, H. Tom Kight, Jr., alleges that the county judge is seen frequenting the county attorney's office, and that if the said W. M. Hall is to preside over said trial, that petitioner will be prosecuted, not only by the county attorney's office, but by the county judge as well. It developed in the proof offered by the petitioner in the proceedings below that the petitioner urged as a further ground for disqualification that Judge Hall had an opinion as to his guilt.

A close examination shows the petition and the amended affidavit of H. Tom Kight, Jr., consist largely of conclusions and expressions of opinions, and not a detail of facts.

To the petition, affidavit and amended affidavit, W. M. Hall, county judge of Rogers county, filed his response, alleging, in substance, that the petitioner has suffered no wrong or injury of any kind by reason of any of the acts of respondent; that the said judge has no prejudice against said defendant or his attorney, and that he is qualified to sit in the trial of said cause; and further alleges that said petition fails to state facts sufficient to constitute grounds for disqualification of the respondent.

The claim of prejudice herein stated is apparently based upon the provisions of art. 2, sec. 6 of the Constitution, which reads as follows, to wit:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property,

or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

Answering the contentions of petitioner in order, we conclude the fact that the court may have presided at a prior trial of the same case is not grounds for disqualification. Sawyer v. State, 73 Okla. Cr. 186, 119 P. 2d 256, 257, wherein it was said:

"Personal knowledge of a trial judge of former proceedings had before him is not a matter for disqualification, nor is he disqualified to sit in a case because he has recently sat at the trial of another cause growing out of the same state of facts which resulted in a conviction."

Neither is the fact that the court acted with dispatch in resetting the case on March 22, 1947, following the first trial on February 19, 1947, grounds for a claim of prejudice. The petitioner had ample time to get ready for the retrial. If the matter had been too long delayed, no doubt he would have complained about that. It is the duty of the courts to afford the defendant speedy trial, of course, with due regard to sufficient time for preparation for trial. In setting the case as he did, the court was acting in light of the constitutional provisions against delay, supra.

The fact that the trial court, after considering the original affidavit and the amended affidavit of the attorney for petitioner, ordered same stricken from the record, but directed that it remain in the files, is not evidence of prejudice. In this regard, the procedure adopted by the trial judge is the proper practice in the event he refuses to disqualify. American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., D. C., 6 F. Supp. 215.

Moreover, the alleged dislike of the judge for the petitioner's attorney is not grounds for disqualification of the judge. 48 C. J. S., Judges, § 82, note 27, page 1060; People v. Emmett, 123 Cal. App. 678, 12 P. 2d 92; Ex parte N. K. Fairbanks Co., D. C., 194 F. 978.

Furthermore, the fact the judge may have formed an opinion as to the guilt of the defendant is not necessarily grounds for disqualification. In Young v. State, 74 Okla. Cr. 64, 123 P. 2d 294, 298, this court said on that point:

"It does not mean that the judge may not have an opinion of the guilt or innocence of a defendant or may not be prejudiced against the crime with which he is charged but shall not entertain a personal prejudice against him. In order to disqualify, it must be shown as a matter of fact, and not as a conclusion, that the judge does entertain such personal prejudice."

See, also, Pruitt v. State, 62 Okla. Cr. 38, 70 P. 2d 129; Newton v. State, 26 Okla. Cr. 216, 223 P. 195.

Neither does the fact that the county judge was a frequent visitor in the office of the county attorney afford evidence of prejudice. After all, the judge, "must have neighbors, friends, and acquaintances, business and social relations, and be a part of his day and generation. Evidently the ordinary results of such associations and the impressions they create in the mind of the judge are not the 'personal bias or prejudice' to which the statute refers." Ex parte Fairbanks, supra. There is nothing in the record whatsoever to support this allegation from a factual standpoint.

It is not necessary that we review the evidence in support of the petition. It consisted entirely of conclusions and expressions of opinion.

The same may be said of the allegations of the petition, the affidavit and amended affidavit in support thereof. In this connection this court held, in the case of Pruitt v. State, supra:

"It is necessary that an application for a change of judge on the ground of prejudice set forth the facts upon which the claim is made. Mere conclusions will not be sufficient."

Both the pleadings and the proof must show on the part of the judge:

"Ill will or hostility toward the defendant of such a character as might prevent him from giving the defendant a fair trial, and this must be shown as a matter of fact, and not as a matter of opinion of the defendant or any other person. A judge does not try the facts of a case. He simply passes upon the questions of law presented." Ingles v. McMillan, 5 Okla. Cr. 130, 113 P. 998, 45 L. R. A., N. S., 511.

Upon an examination of the entire record, the pleadings, the transcript of the record taken below, and the evidence taken here, we are of the opinion that the writ should be, and the same is hereby denied.

BAREFOOT, P. J., and JONES, J., concur.