STATE ex rel. VAHLBERG et al. v. CRISMORE, Judge.

No. A-11334.   Dec. 14, 1949.

(213 P. 2d 293.)

Cantrell, Carey & McCloud, LeRoy Powers, John Eberle, and Fred L. Hoyt, Oklahoma City, for petitioners.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., Granville Scanland, County Atty., and Russell Holloway, Asst. County Atty., Oklahoma City, for respondent.

JONES, P. J. This is an original proceeding for a writ of mandamus to compel Evert Crismore, judge of the court of common pleas of Oklahoma county, to certify his disqualification in two cases now pending before him.

The duly verified petition, briefly summarized, seeks disqualification of the respondent upon two grounds, namely: First, that the respondent has frequently discussed with the county attorney of Oklahoma county, in the absence of defendants and their counsel, the merits of certain objections to jurisdiction, pleas in abatement, and motions to quash informations which have been filed in certain cases before the respondent affecting the petitioners, and has discussed the merits of said cases to such an extent that said judge has become personally prejudiced against the defendants; secondly, that commencing in July, 1949, the Daily Oklahoman and Oklahoma City Times, published in Oklahoma City, commenced a campaign to convict the petitioners of certain alleged criminal offenses involving the purchase of property at tax sales held in Oklahoma county, and since July, 1949,

the said papers have been openly and continuously hostile to the petitioners, and have published statements that the defendants were guilty of the offense charged; that the said respondent judge is closely connected and associated with the reporters for said newspapers because of his connection with the Oklahoma Press Association Annual Gridiron Dinner, and that said judge feels indebted to the said Publishing Company for his appointment to the judicial office which he now occupies, and for that reason the said judge is legally prejudiced to such an extent that he is disqualified to act fairly in the cases pending before him affecting the rights of the petitioners.

A verified response was duly filed in which respondent specifically denied that he had discussed the merits of the cases affecting the petitioners with the county attorney, or members of his staff, or with newspaper reporters, or any other individuals; and he specifically denied that he was prejudiced against the accused or that he was of such a mind that would prevent him from serving as an impartial judge.

The cause was set for hearing and evidence introduced. The petitioners wholly failed to introduce any evidence to support their allegation that the respondent had conferred with the county attorney, or members of his staff concerning the merits of the case pending before him.

On the other hand, the evidence affirmatively showed that such had not been done.

The petitioners showed that commencing on or about July 25, 1949, and continuing to the date of the hearing, the daily newspapers published in Oklahoma City had carried on a newspaper campaign in which they had given publicity to alleged facts and circumstances surrounding

the selling and purchasing of real property in Oklahoma county, at tax sales conducted by one of the petitioners when he was acting as county treasurer of Oklahoma county. In many of these articles, the petitioners were mentioned by name, and many statements were published purportedly relating activities of the three petitioners in connection with certain tax sale proceedings. The proof further showed that the respondent had assisted in preparation of the musical program presented by the Oklahoma Press Association in connection with their annual Gridiron dinner, and in that connection that he was on friendly terms with news reporters; that in addition, two of the reporters for the Daily Oklahoman, along with many other citizens of Oklahoma county, had made recommendations to the Governor for the appointment of the respondent to his present position as judge when a vacancy arose in said office early in 1949.

It is the duty of the Criminal Court of Appeals to consider a petition for a writ of mandamus when a duly verified petition is filed seeking to disqualify a judge from trying a criminal case. State ex rel. Nowakowski v. Lockridge, County Judge, 6 Okla. Cr. 216, 118 P. 152, 45 L. R. A., N. S., 525, Ann. Cas. 1913C, 251; Ingles v. McMillan, Judge, 5 Okla. Cr. 130, 131, 113 P. 998, 45 L. R. A., N. S., 511; Dowell v. Hall, 85 Okla. Cr. 92, 185 P. 2d 232.

Every person accused of crime is entitled to nothing less than the cold neutrality of an impartial judge, and where the circumstances are of such a nature as to cause doubts as to the impartiality of a judge, the error, if any, should be made in favor of the disqualification rather than against it, for the reason that the state has an interest in the standing, integrity, and reputation of its courts. Such prohibitions are plainly intended for the general in-

terest of society, by preserving the purity and impartiality of the courts and fostering the respect and confidence of the people for their decisions. State ex rel. Bennett v. Childers, District Judge, 188 Okla. 14, 105 P. 2d 762; Dennison v. Christopher, 19 Okla. Cr. 467, 200 P. 783.

Captious and unwarranted accusations of bias should be discouraged. The determination of the judge who will preside at the trial of one accused of crime should not depend upon the whim or trivial accusation of the accused.

It is unnecessary to make further comment on the evidence adduced to support the allegations of the petition. It is sufficient to note that such evidence was wholly insufficient to afford a substantial basis for this court ordering the disqualification of the respondent.

It is therefore ordered that the petition to disqualify the Honorable Evert Crismore, judge of the court of common pleas of Oklahoma county, division number two, be and the same is hereby denied.

BRETT and POWELL, JJ., concur.