Henry E. LEISTIKOW, Appellant
(Defendant Below),

v.

HOOSIER STATE BANK OF INDIANA,
Hammond, Indiana, Appellee
(Plaintiff Below).

Henry E. LEISTIKOW, Appellant
(Cross-Complainant Below),

v.

HOOSIER STATE BANK OF INDIANA,
Hammond, Indiana, et al., Appellees
(Cross-Defendants Below).

No. 3–676A148.

Court of Appeals of Indiana,
Third District.

Sept. 19, 1979.

Owen W. Crumpacker, Hammond, for appellant.

Fred A. Malo, Albert C. Hand, Hammond, for appellees.

STATON, Judge.

This action was initiated by the Hoosier State Bank of Indiana (hereinafter "the bank") against Henry Leistikow upon a complaint to reform a real estate contract and to have said contract declared forfeited and terminated. The bank also sought to have the title quieted, possession of the premises and damages. Leistikow filed a cross-complaint wherein he alleged that the bank and others had violated an agreement concerning the conveyance of the real es-

tate. Judgment was rendered in favor of the bank on its complaint and against Leistikow on his cross-complaint.

In his appeal to this Court, Leistikow contends that the trial court erred in: (1) denying his motion for a change of venue from the judge; (2) treating the matter as a foreclosure; (3) denying his motion for a trial by jury; and (4) reforming the contract. Additionally, Leistikow argues that the trial court's findings are incomplete and that the damages are excessive.

We affirm.

## I.

### Change of Venue

The presentation of evidence was concluded on September 8, 1975, at which time the matter was taken under advisement. On November 19, 1975, before judgment had been rendered, the trial judge, in an unrelated matter, initiated legal proceedings against several persons, one of whom was Leistikow's attorney. Leistikow then filed a motion for a change of venue from the judge, contending that the trial judge's litigation with Leistikow's attorney precluded any possibility of a fair and impartial decision in the instant case. The motion was denied. Leistikow contends that the trial court erred in denying the motion.

In Indiana, the term "change of venue" is used to denote both change of venue from the county and change of judge. 4 W. Harvey, Indiana Practice, § 76.1, p. 551. Ind.Rules of Procedure, Trial Rule 76 renders the granting of a change of venue mandatory if it is requested within ten days after the issues are first closed on the merits. In addition, TR. 76(8) permits a change of venue upon a showing of "good cause" even though the time for filing a request for a mandatory change of venue has expired. *Hunter v. Milhous* (1974), 159 Ind.App. 105, 305 N.E.2d 448. IC 1971, 34–1–13–1, Ind.Ann.Stat. § 2–1401 (Burns Code Ed.) enumerates the situations in which such good cause exists. Included are those instances where the applicant makes a showing of the bias or prejudice of the judge before whom the cause is pending.

Generally, the only prejudice which will disqualify a judge is a personal prejudice for or against a party to the cause. *Morse v. Morse* (1967), 126 Vt. 290, 229 A.2d 228. Because the law presumes that a judge is unbiased and unprejudiced in the matters over which he presides, *Hunter v. Milhous, supra,* and because antagonism against a lawyer would not necessarily extend to his client, a mere showing of a strained relationship between the judge and a party's attorney is not a ground for disqualification of the judge. *Liston v. Butler* (1966), 4 Ariz.App. 460, 421 P.2d 542; *Dowell v. Hall* (1947), 85 Okl.Cr. 92, 185 P.2d 232.

Only when the relationship between the judge and attorney is of a nature calculated to impair the judge's fairness and impartiality or to sway his judgment is the judge obligated to disqualify himself. Although the relationship between the judge and Leistikow's attorney was less than ideal, Leistikow has failed to provide us with any indicia that he was the victim of bias or prejudice stemming from that relationship. The trial judge did not err in denying the motion.

## II.

### Foreclosure

The bank's complaint was filed prior to the Indiana Supreme Court's landmark ruling in *Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641. In *Skendzel,* the Court held that a conditional land contract creates a vendor's lien to secure the unpaid balance and that such a lien is analogous to a mortgage. The Court further held that enforcement by the lienholder should be through foreclosure proceedings rather than through the cancellation or forfeiture of the contract.

Accordingly, the pre-trial order in the instant case, rendered after *Skendzel,* contains the following entry:

"The plaintiff's amended complaint appears on its face to be one for possession

and for action to quiet title. Under the doctrine and rule of law as laid down in *Skendzel v. Marshall* (1973), 38 Ind.Dec. 752, the proceedings are and must be treated as a foreclosure of a lien and must follow the foreclosure statutes. Plaintiff's amended complaint is considered as an action to foreclose a lien and shall be whenever and wherever necessary in these proceedings interpreted as such."

Leistikow contends that the trial court erred in treating the case as a foreclosure.

■ Pursuant to an order of the trial court, the bank served a copy of the proposed pre-trial order on Leistikow. Leistikow was given twenty days to respond to the proposed order, but failed to do so. Leistikow neither objected to nor attempted to modify the pre-trial order. In fact, the record discloses that Leistikow stipulated to a submission of the issues as formulated by the order. Thus, the pre-trial order supplanted the allegations raised in the pleadings and controlled the subsequent proceedings. *North Miami Con. S.D. v. State ex rel. Manchester C.S.* (1973), 261 Ind. 17, 300 N.E.2d 59.

■ Even if Leistikow had opposed the pre-trial order he would not have prevailed. The pre-trial order is a correct application of the doctrine enunciated in *Skendzel.*[1]

### III.

### Trial by Jury

■ Leistikow filed a demand for trial by jury. The bank subsequently filed a motion to strike the jury demand. Leistikow was given twenty days to respond to the bank's motion but failed to do so. The court then granted the motion to strike. Having failed to respond to the bank's motion, Leistikow cannot now be heard to complain.

### IV.

### Reformation

In its complaint, the bank alleged that by the mutual mistake of the parties the legal description of the real estate contained in the contract with Leistikow was incorrect. It therefore requested the trial court to reform the contract so that it reflected the true intent of the parties. The trial court found that there was a mutual mistake and reformed the contract accordingly. Leistikow argues that there was no evidence to support the trial court's finding that there was a mutual mistake.

■ The contract entered into between the bank and Leistikow contains the following description of the real estate:

"Part of the Northeast quarter of the Northeast quarter of Section 14, township 34 North, Range 9 West of the 2nd Principal Meridian, in Lake County, Indiana, more particularly described as follows: "Beginning at a point on the North line of said Northeast corner of said Section 14; thence South 217.8 feet; thence West 100.00 feet; thence North 217.8 feet to the North line of said Northeast quarter of the Northeast quarter; thence East 100.0 feet to the point of beginning, in Lake County, Indiana."

It is apparent that the description is incorrect inasmuch as it contains no point of beginning. Thus, Leistikow's contention that there was no mistake is without merit.

■ The description in the instrument by which the bank obtained the real estate reads as follows:

"Part of the Northeast quarter of the Northeast quarter of Section 14, Township 34 North, Range 9 West of the 2nd Principal Meridian, in Lake County, Indiana, more particularly described as follows: Beginning at a point on the North line of said Northeast quarter of the Northeast quarter, which point is 500.0 feet West of the Northeast corner of said Section 14; thence South 217.8 feet;

---

1. Leistikow presents several other specifications of error which are predicated on the proposition that the trial court erred in treating this case as a foreclosure. Our resolution of the foreclosure issue disposes of any need to consider those additional specifications.

thence West 100.0 feet; thence North 217.8 feet to the North line of said Northeast quarter of the Northeast quarter; thence East 100.0 feet to the point of beginning, in Lake County, Indiana."

The only significant difference between the two descriptions is that the second description contains the words "which point is 500.0 feet West of the Northeast corner of said Section 14." The trial court reformed the contract so that the description therein contained the above-quoted language describing the point of origin. The court did not err in doing so.

### V.

### Findings

 Leistikow contends that the findings of fact and conclusions of law rendered by the trial court "ignore the issues formed by the amended cross-complaint and the amended answers of the cross-defendants thereto." The essence of Leistikow's amended cross-complaint is that the bank and the other cross-defendants somehow misled or deceived Leistikow. The trial court specifically found that "no frauds, misrepresentations, false pretenses, collusions or other false dealings were perpetrated upon [Leistikow] by the [bank] or any of the cross-defendants." The trial court's findings adequately addressed the issues raised by Leistikow's cross-complaint.

### VI.

### Damages

 Leistikow's final contention is that the damages and attorney's fees awarded the bank are excessive because they were not supported by any evidence. This contention is also without merit. The contract itself was admitted into evidence. An officer of the bank testified at length concerning the payments that had been made by Leistikow, the payments that were owing from Leistikow, the expenses the bank had incurred because of Leistikow's breach (including the payment of taxes and insurance on the property) and the amount the bank had paid as attorney's fees. The trial court's determination of damages was supported by the evidence.

The judgment of the trial court is affirmed.

CHIPMAN, J., and LOWDERMILK, J. (by designation), concur.