<hr />

[No. 20709. Department Two. — November 1, 1890.]

THE PEOPLE, RESPONDENT, *v.* CHARLES SMITH, APPELLANT.

CRIMINAL LAW — BURGLARY — INFORMATION — DEGREE OF INTENDED LARCENY. — An information charging a defendant with burglary in feloniously entering certain premises, with intent to commit larceny, need not state the degree of the intended larceny, as it is immaterial to the offense of burglary whether the intent was to commit grand or petit larceny; and such information is sufficiently certain as to the offense charged, and does not state the commission of two offenses.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Alva E. Snow,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — The defendant was convicted of burglary, and appeals from the judgment rendered against him, and from an order refusing him a new trial. He demurred to the information, on the grounds,—1. That it did not conform substantially to the requirements of section 950, subdivision 2; 2. That the facts stated do not constitute a public offense; 3. That more than one offense is charged. His demurrer was overruled. He then pleaded not guilty, and was convicted as charged. After verdict, he moved in arrest of judgment, on the same grounds as those contained in the demurrer. The motion was denied, as was also that for a new trial. As will be seen, according to the transcript, he did not state in which of the codes "section 950, subdivision 2," was contained; but presumably the court treated it as that in the Penal Code, or it may be that by clerical error it is omitted from the transcript.

The point most insisted upon by the defendant for a reversal of the judgment and order seems to be, as he claims, that the information did not state the degree of larceny with intent to commit which he feloniously and burglariously entered the premises he is charged to have burglarized.

His view of the law seems to be, that the information should have stated whether he entered with intent to commit grand or petit larceny. He is charged to have feloniously entered, with intent to commit larceny. Larceny is a specific offense (Pen. Code, sec. 484), just as

murder is (Pen. Code, sec. 187); but there are degrees
of each, under our statutes. (Pen. Code, secs. 189, 486–
488.) Section 459 of the Penal Code makes the entering
of certain premises, as here involved, "with intent to
commit grand or petit larceny, or any felony," burglary;
that is to say, the entrance with intent to commit the
specific crime of larceny is burglary, whether the degree
of larceny be grand or petit. Grand and petit are the
only degrees of larceny. (Pen. Code, sec. 486.) It could
make no difference to the defendant whether the proof
showed him guilty of the intent to commit grand or
petit larceny. He would be just as guilty of burglary if
he entered with intent to commit the one as the other.
He would still have entered with the intent to commit
the specific crime of larceny, the degree of the specific
offense being immaterial. Therefore it is plain that the
defendant was fully and clearly informed of the nature
of the charge against him, which is all that was neces-
sary as to the matter under discussion; and we can per-
ceive no respect in which the defendant's rights have
been prejudiced as claimed.

The case cited of *People* v. *Nelson,* 58 Cal. 104, is not
in point. There the information did not state that
the defendant had entered with intent to commit lar-
ceny. It stated that he had entered with intent to com-
mit a felony, but not specifying what felony. Here he
was notified that he was accused of entering with intent
to commit the specific crime of larceny, it being imma-
terial to the commission of burglary which of the two
his intent was to commit, if he intended to commit one
of the degrees of larceny, either grand or petit.

In *People* v. *Henry,* 77 Cal. 445, it was held that an in-
formation charging the entrance with intent to com-
mit the crime of larceny was not an allegation of the
commission of two offenses, so that the point made
here by the defendant upon that head is untenable.
The evidence of the recent possession of the stolen

property, together with the defendant's statements and the circumstances surrounding the transaction, were sufficient to warrant the jury in their verdict. (*People* v. *Flynn*, 73 Cal. 511.) There is no reason given in the defendant's points and authorities why the instructions were not correct, and we perceive no error therein, although such is alleged.

Perceiving no prejudicial error, we advise that the judgment and orders be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and orders are affirmed.