[Crim. No. 1131. First Appellate District, Division Two.—December 5, 1925.]

## THE PEOPLE, Respondent, v. THOMAS WALSH, Appellant.

[1] CRIMINAL LAW—PRELIMINARY EXAMINATION—RIGHT OF DEFENDANT TO COUNSEL — REASONABLE CONTINUANCE. — In a prosecution for burglary, it is not error for the trial court to deny defendant's motion to set aside the information on the ground that the committing magistrate had denied him the right of counsel at the preliminary hearing, where defendant was represented by counsel at the first hearing and was given the opportunity of accepting other counsel after a reasonable continuance had been granted by the committing magistrate.

[2] ID. — BURGLARY — PLEADING — INFORMATION. — It is not necessary that the information state whether a burglary had been committed in the daytime or night-time, or detail the facts of the larceny which it is alleged the defendant intended to commit when he made the entry.

[3] ID.—DEGREE OF BURGLARY.—An information is not defective in failing to specify the degree of burglary alleged to have been committed.

[4] ID. — SEPARATE TRIAL — DISCRETION. — In this prosecution for burglary against two defendants, the trial court in denying a motion for separate trials did not abuse the discretion vested in it by section 1098 of the Penal Code.

---

(1) 16 C. J., p. 324, n. 11.   (2) 9 C. J., p. 1037, n. 41, p. 1051, n. 72.   (3) 9 C. J., p. 1054, n. 97; 31 C. J., p. 670, n. 33.   (4) 15 C. J., p. 969, n. 5; 16 C. J., p. 785, n. 68; 17 C. J., p. 231, n. 63.

APPEAL from a judgment of the Superior Court of Alameda County. H. D. Burroughs, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Raine Ewell for Appellant.

---

1. See 7 Cal. Jur. 974.
2. See 4 Cal. Jur. 730; 4 R. C. L. 432.
3. See 4 Cal. Jur. 730.
4. See 8 Cal. Jur. 194, and Supplement.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant and appellant was tried on an information charging him jointly with one Dorney with the commission of the crime of burglary. The two defendants were tried together and the trial resulted in a verdict of guilty as to the defendant Walsh and in a disagreement as to the defendant Dorney. The defendant Walsh has appealed from the judgment following the verdict and from the order denying him a new trial. The appeal is presented on a record prepared under section 953a of the Code of Civil Procedure.

It would serve no purpose to outline the facts of the case as it is conceded that there was sufficient competent evidence before the jury to support the verdict of guilty. The grounds urged by the appellant for a reversal cover assignments of error which are claimed to have occurred during the course of the trial. These grounds will be considered in the order presented.

[1] First: It is claimed that the trial court erred in denying appellant's motion to set aside the information on the ground that the committing magistrate had denied appellant the right of counsel at the preliminary hearing. Appellant cites *People* v. *Napthaly,* 105 Cal. 641 [39 Pac. 29], but the case is inapplicable because the appellant here was represented by counsel at the first hearing and was given the opportunity of accepting other counsel after a reasonable continuance had been granted by the committing magistrate. The case on the facts is similar to the case of *People* v. *Caballero,* 41 Cal. App. 146, 149 [182 Pac. 321], and the rule in that case supports the action of the trial court in denying appellant's motion.

[2] Second: The appellant urges that the trial court erred in overruling his demurrer to the information. The point raised was that the information was insufficient because it did not state whether the alleged burglary had been committed in the daytime or in the night-time and because it failed to detail the facts of the larceny which it alleged the appellant intended to commit when he made the entry. On each ground the point has been ruled adversely to ap-

pellant. (*People* v. *Jefferson,* 52 Cal. 452, 454; *People* v. *Smith,* 86 Cal. 238, 240 [24 Pac. 988].) [3] It is also argued that the information was defective in that it did not specify the degree of burglary which the appellant was charged to have committed, but this point has been covered by *People* v. *Jefferson, supra,* where an information in similar form was held sufficient.

[4] The appellant complains of the action of the trial court in denying his motion for a separate trial. It seems unnecessary to do more than to refer to section 1098 of the Penal Code, which expressly provides the procedure to be taken when two defendants are jointly charged with the same crime. By the terms of that section such parties must be tried jointly unless the trial court in its discretion grants a separate trial. We see no abuse of this discretion on the part of the trial court in denying appellant's motion for a separate trial.

Other grounds urged on the appeal relate to the efforts of the appellant to impeach the verdict of the jury on various grounds which have time and again been held insufficient, and we deem it unnecessary to discuss these points inasmuch as an examination of the record discloses that the appellant was fairly tried and convicted upon evidence which was not impeached and which has not been questioned on this appeal.

Judgment and order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 1, 1926.