[Crim. No. 2153. Second Appellate District, Division Two.—February 16, 1932.]

THE PEOPLE, Respondent, v. LAWRENCE FINK, Appellant.

Stanley Visel for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—This is an appeal from a judgment sentencing the defendant for the crime of robbery and from an order denying his motion for a new trial. The trial was upon the issue raised by the plea of not guilty by reason of insanity, the defendant having entered the plea of guilty. But two reasons are assigned why we should reverse the judgment, the first being that the court refused consideration of the instructions proffered by defendant because they were not tendered to the court until the beginning of defendant's argument, and the other that the court first refused to permit the defendant to testify, although subsequently the judge withdrew the ruling and permitted him to testify either on direct examination or in rebuttal.

Turning, therefore, to the argument first advanced, we find that the court based its action upon section 607a of the Code of Civil Procedure, added thereto by the legislature in 1929 and which reads as follows: "In every case which is being tried before the court with a jury, it shall be the duty of counsel for the respective parties, before the first witness is sworn, to deliver to the judge presiding at the trial, and serve upon opposing counsel, all proposed instructions to the jury covering the law as disclosed by the pleadings. Thereafter, and before the court has commenced instructing the jury, and before the commencement of the argument, counsel may deliver to such judge, and serve upon opposing counsel, additional, proposed instructions to the jury upon questions of law developed by the evidence and

not disclosed by the pleadings. All proposed instructions shall be typewritten, each on a separate sheet of paper. Any proposed instruction which is delivered to the judge at a time later than is provided for herein may be disregarded; but, in that event, the judge shall write upon the margin of such proposed instruction the fact that he refused to consider the same for the reason that the requirements of this section have been disregarded.''

In the present instance the court did indorse upon the instructions that consideration thereof was refused under the section quoted. Appellant claims, however, that section 1127 of the Penal Code, which provides that ''In charging the jury the court must state to them all matters of law necessary for their information. . . . Either party may present to the court any written charge, and request that it be given. If the court thinks it correct and pertinent, it must be given; if not, it must be refused . . . '', applies to trials of criminal actions and that the section from the Code of Civil Procedure has no bearing. In this contention the appellant must be sustained. Section 4480 of the Political Code says: ''With relation to each other, the provisions of the four codes must be construed (except as in the next two sections provided) as though all such codes had been passed at the same moment of time, and were parts of the same statute.'' Section 4881 of the same code reads: ''If the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject-matter of such title.'' In order, sections 4482 and 4483 lay down the same rule with respect to chapters and articles. The headnotes of the parts, titles and chapters of our codes are important elements in limiting and defining the sections found therein (see *In re Forthmann*, 118 Cal. App. 332 [5 Pac. (2d) 472], and cases there cited). When we turn to the Penal Code the first section thereof says: ''This act shall be known as the Penal Code of California, and is divided into three parts, as follows: I. Of Crimes and Punishments. II. Of Criminal Procedure. III. Of the State Prison and County Jails.'' Title VII of part II relates to ''Proceedings after the Commencement of the Trial and Before Judgment'', under which title we find section 1127, from which we have already quoted. Section 1 of the

Code of Civil Procedure divides that code into four parts, the second of which is entitled "Of Civil Actions"; title VIII relates to "Trial and Judgment in Civil Actions"; chapter IV thereof to "Trial by Jury" and finally article II of the aforementioned part, title and chapter, to the "Conduct of Trial". It is manifest, therefore, that the contents of section 607a of the Code of Civil Procedure were intended to apply to jury trials of civil actions, permitting the conduct of criminal trials to be governed by part II of the Penal Code. A similar result was arrived at in the case of *Burlingame* v. *Traeger,* 101 Cal. App. 365 [281 Pac. 1051, 1053], wherein it was said:

"It is significant that, while the sections dealing with the subject as applied to Superior Court actions contain nothing as to exemptions from their provisions because of sex, those relating to Justice's Court proceedings do specifically provide that 'no female can be arrested in any action' (sec. 861, Code Civ. Proc.). All of these sections were enacted as portions of the original code adopted in 1872 and while a few of them have been subsequently amended none of these amendments are relevant to the subject under discussion here. It is a familiar rule that the codes are to be construed as a single statute (Pol. Code, sec. 4480; *People* v. *Central Pac. Ry. Co.,* 83 Cal. 393 [23 Pac. 303]; *McKay* v. *McKay,* 125 Cal. 65 [57 Pac. 677]), and it is also the rule that 'the expression of one excludes the other'— *expressio unius est exclusio alterius.* (*Pasadena University* v. *Los Angeles County,* 190 Cal. 786 [214 Pac. 868]; *Ex parte Nowak,* 184 Cal. 701 [195 Pac. 402]; *People* v. *Tinder,* 19 Cal. 539 [81 Am. Dec. 77].)

"Applying these rules of construction it is evident that the exemption from civil arrest accorded 'females' by section 861 of the Code of Civil Procedure applies only to actions in Justices' Courts, to which class of actions alone the article, chapter and 'title' in which it is found relates. The judgment is affirmed."

It is suggested by the respondent that the rules of evidence laid down in the Code of Civil Procedure are applicable in criminal cases, hence there is no reason why the section here in question should not also be made use of, but this idea proves a boomerang. Section 1102 of the Penal Code provides that "the rules of evidence in civil actions"

shall be ''applicable also to criminal actions, except as otherwise provided in this code'', and it may be pertinently asked why, if the legislature had any thought of making the rules of section 607a of the Code of Civil Procedure applicable in criminal actions, a provision similar to that just quoted was not inserted in the Penal Code.

We now turn our attention to the question whether the appellant was prejudiced by the action of the court. The appellant calls our attention to two of his proposed instructions which he says the court should have given. The first one reads as follows: ''In determining the question whether the defendant was insane at the time of the alleged commission of the robbery the jury are to consider all his acts at the time of, before, and since the alleged commission of the robbery, as such acts and conduct have been shown by the evidence, and the jury have the right to consider the defendant's appearance and actions during the trial as a circumstance in determining his insanity at the time of the robbery.''

It is tremendously difficult to understand wherein the appellant was damaged by the failure of the court to give this instruction—and we may add that the claimed prejudice is not pointed out to us in the briefs. There was but the sole issue of the sanity of the defendant at the time of the commission of the offense. All evidence admitted by the court was pointed at this one ultimate fact. The jurors as reasonable men would surely consider all of the evidence bearing upon the point because it was applicable to no other, without being specially admonished so to do. And in so far as the last portion of the instruction is concerned, we have no method of determining whether the court considered the defendant's appearance and actions during the trial, under all the circumstances of the case to be too remote, or whether they were of such character as to warrant mention. We must presume in the absence of any showing to the contrary that the defendant was not damaged by the court's action in this particular.

The other instruction proposed by appellant and refused by the court is to the effect that the burden is upon the prosecution to overcome any evidence offered by defendant to establish his insanity by competent evidence sufficient to satisfy the jury beyond a reasonable doubt of the

sanity of the defendant. Such is not the law. (*People* v. *Wells*, 145 Cal. 138 [78 Pac. 470].)

The last contention of appellant is that the court erred in refusing to permit the appellant to testify, basing its refusal upon the ground that the defendant claimed to be insane. On the following court day, however, the trial judge viewed the matter differently and stated to counsel as follows: " . . . [T]he defendant's counsel will be accorded the privilege at this time, if he so desires, to place the defendant on the stand, and may re-open his case so that he may use him on direct examination, if he desires, or may put him on in rebuttal." ·Prior to this ruling of the court, however, and evidently in anticipation of it, defendant's counsel said: "Before we approach the bench, I want to withdraw my proffer to put the defendant on the stand" and at the conclusion of the court's remarks counsel again stated: "Let the record show that the defendant feels that it is now too late for the defendant's case to be re-opened. In fact, the defendant does not choose to re-open his case for further direct examination. He has withdrawn his proffer of the defendant as a witness for the purpose of rebuttal after he has rested his case in chief. The prosecution has proceeded with their case and rested it, and the defendant now announces that he is ready to go to the jury 'without further evidence'." This bald statement of the record is a complete refutation of appellant's argument. Not only did the court attempt by all the means within its power to right the situation but the defendant went further than to spurn the hand of relief. He actually withdrew the proffer, so as to leave no foundation whatsoever for the contention he now seeks to advance. We might expand at considerable length upon the supposition that counsel imagined he had led the trial judge into an error from which it was impossible for him to extricate himself, rather than that he was prompted by a sincere desire to elicit testimony from his client, but we shall rest content that the facts speak sufficiently for themselves.

Judgment and order affirmed.

Works, P. J., and Craig, J., concurred.