[Crim. No. 18144. First Dist., Div. One. Oct. 30, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
HERMAN EDDIE HAWKINS, Defendant and Respondent.

[Crim. No. 18283. First Dist., Div. One. Oct. 30, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
SAL ESQUIVEL, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Appellant.

Robert Nicco, Public Defender, Gregory Pagan, Deputy Public Defender, Goorjian & McCabe and J. Frank McCabe for Defendants and Respondents.

**OPINION**

**RACANELLI, P. J.**—These consolidated cases were transferred to this court pursuant to rules 62 and 63 of the California Rules of Court, upon certification by the Appellate Department of the Superior Court of the City and County of San Francisco that review of its decision, reversing the action of a municipal court judge sitting as a magistrate in reducing a felony burglary complaint to a misdemeanor charge before the preliminary examination and imposing a misdemeanor sentence upon a plea of guilty, was necessary to secure uniformity of decision and to settle an important question of law. The question originally certified, decided in favor of the People, was whether a magistral exercise of discretion before preliminary examination under the authority of Penal Code section 17, subdivision (b)(5),[1] requires a brief statement of facts and supporting reasons. ▋ During oral argument we requested the parties to file supplemental briefs on the related question whether, in accepting a defendant's plea to a crime divided in degrees without the prosecutor's consent and thereafter imposing a misdemeanor sentence, the magistrate exceeded his jurisdiction. Having considered the issues as briefed and argued, we conclude that under the circumstances reflected in each case the magistrate acted in excess of his limited jurisdiction rendering the proceedings undertaken void and ineffectual.

---

[1] Unless otherwise indicated, all section references are to the Penal Code.

## Facts

The facts as disclosed in each record are not in dispute: In each case the defendant was charged by complaint with a felony violation of section 459 (burglary) without specification of degree, it being alleged—in substance—that the defendant did enter a described private residence with the felonious intent to commit theft therein.[2] Before the preliminary examination but without the express consent of the prosecutor,[3] the charge was reduced by the (same) magistrate to a misdemeanor under the apparent authority of section 17, subdivision (b)(5); upon waiving formal instructions and arraignment on the amended complaint, each defendant entered a plea of guilty and received a suspended one-year jail sentence plus probation as a convicted misdemeanant.

## Jurisdictional Issue Presented

The threshold inquiry focuses upon the power of a magistrate acting under authority of section 17, subdivision (b)(5),[4] to accept a plea of guilty to a felony charge divided into degrees without prosecutorial consent.

---

[2] Defendant Hawkins was additionally charged with a prior felony conviction (Health & Saf. Code, former § 11715 (repealed 1972)).

[3] The prosecutor's lack of consent was manifested during the reported proceedings as follows:

(People v. Hawkins)

"THE COURT: At this time, the Court will, pursuant to Section 17(b)(5), reduce this matter to a 459 of the Penal Code as a misdemeanor violation. I do note that the District Attorney objects to the reduction, and I will, Miss Hester, let you put your recommendations on the record.

"MISS HESTER [prosecuting attorney]: Yes, Your Honor. The People do object, and feel this is a felony case, feel that the defendant should be held to answer on the felony charge.

"THE COURT: I will note that on the record. . . ."

(People v. Esquivel)

"THE COURT: Now, Mr. Esquivel, you will have to go to the Probation Department and be interviewed before you leave. The District Attorney, could you put your representations on the record at this time?

"MISS HESTER: Yes, Your Honor. This was a plea open to the Court without the participation of the District Attorney's Office, and we feel that the burglary is a felony case, and we would wish that the defendant be held to answer on the felony.

"THE COURT: All right, I will note that the District Attorney did object to the reduction to a misdemeanor burglary. The Court did reduce on the basis of the lack—except I think for a marijuana charge,—of a juvenile record."

[4] Section 17, subdivision (b)(5), provides as follows: "(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: . . . [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in

Our analysis compels the conclusion that the action of the magistrate was without statutory authority and void. However, for the reasons discussed hereafter (part III), we are nevertheless compelled to dismiss the People's appeal.

I

We begin our discussion with a review of the general principles governing the powers and duties of a magistrate as established by statutory law and precedents.

A magistrate is defined by the Legislature as "an officer having power to issue a warrant for the arrest of a person charged with a public offense." (§ 807.) ■ All judges of courts of record and justice courts are authorized to perform the functions of a magistrate (§ 808) whose duties and authority are specifically designated and limited by statute.[5] (See *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 667 [108 Cal.Rptr. 657, 511 P.2d 609] [authority to determine sufficient cause to hold a defendant for trial] and fn. 3 authorities there collected; Witkin, Cal. Criminal Procedure (1963) § 16, p. 18; *Burris* v. *Superior Court* (1974) 43 Cal.App.3d 530, 537 [117 Cal.Rptr. 898].) ■ Whenever a municipal court judge acts in the capacity of a magistrate, the judge possesses only the limited jurisdiction and magistral powers conferred by the state Constitution and statute. (*People* v. *Crespi* (1896) 115 Cal. 50, 54 [46 P. 863]; accord: *Koski* v. *James* (1975) 47 Cal.App.3d 349, 355 [120 Cal.Rptr. 754]; *People* v. *Randall* (1973) 35 Cal.App.3d 972 [111 Cal.Rptr. 590].) The basic distinction between a municipal court judge sitting as a *magistrate* (as here) and sitting as a municipal *court* has been emphasized by our reviewing courts on numerous occasions as recently summarized in the opinion in *Koski* v. *James, supra,* at pages 354-355: ". . . when a felony complaint is filed a preliminary examination is held before a *magistrate,* not a judge. [Citations.] The cases and statute hold that a felony complaint may be filed in any judicial district in the county in which the offense was committed, and the magistrate of the court in which the complaint is on file may conduct the preliminary examination. [Citations.] ■ A magistrate is purely a creature of statute, the holder of a

which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

[5]Those duties include initiation of a criminal complaint on a charge originally triable in the superior court (§ 806), issuance of an arrest warrant (§ 813), arraignment (§ 859), conducting preliminary examinations on felony charges in general (§§ 859-883 in *passim*), and fixing a sufficient bail (§§ 815a, 823, 859a, 1269, 1269c, 1277, 1284). (See also Witkin, Cal. Criminal Procedure (1963) Proceedings Before Trial, §§ 16, 132, 152, pp. 18-19, 127-128, 145-146.)

statutory office separate and distinct from the elective office of judge. [Citations.] A preliminary hearing is not a trial and a magistrate presiding at the hearing does not sit as a judge of a court and exercises none of the powers of a judge in a court proceeding. [Citations.] [¶] 'When a judge of a particular judicial district acts in the capacity of a magistrate, he does not do so as a judge of a particular court but rather as one who derives his powers from the provisions of Penal Code, sections 807 and 808. [Citation.] By initiating proceedings before magistrates, no trial jurisdiction of any court is invoked.' [Citation.] [¶] 'Equally it must be said that these preliminary proceedings do not invoke the jurisdiction of an inferior court. The action taken by a judge of an inferior court who has issued the order for arrest or before whom an arrested person is brought after an arrest without a warrant, is not action by a judge of any court. It is action by a magistrate as incumbent of a distinct and statutory office. [Citations.]' " (Cf. *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651] [a magistrate is not a court within the meaning of § 1385].)

## II

█ The crime of burglary is divided into degrees (§ 460) and is punishable by imprisonment in the state prison or, when fixed in the second degree, alternatively by confinement in the county jail. (§ 461.) Second degree burglary constitutes a misdemeanor for all purposes if a punishment or commitment other than imprisonment is imposed or it is judicially declared or determined a misdemeanor. (See § 17, subd. (b), et seq.) However, an accusation charging burglary in the language of the statute is sufficient to constitute a felony charge (*People* v. *Rogers* (1889) 81 Cal. 209 [22 P. 592]; *People* v. *Smith* (1890) 86 Cal. 238 [24 P. 988]); while better pleading practice may indicate the inclusion of allegations relevant to the degree (see *People* v. *Taylor* (1966) 247 Cal.App.2d 11 [55 Cal.Rptr. 521]), it is unnecessary to allege the particular degree or facts establishing such degree (*People* v. *Nunez* (1970) 7 Cal.App.3d 655, 662-663 [86 Cal.Rptr. 707]; *People* v. *Walsh* (1925) 75 Cal.App. 434 [243 P. 31]; Witkin, Cal. Criminal Procedure (1963) § 200, p. 189, and cases there cited).

█ It is clear that a magistrate is authorized to accept a plea of guilty to any noncapital felony charge "at any time . . . while the charge remains pending before the magistrate" (§ 859a) and thereafter to certify the matter to the superior court for further proceedings (*People* v. *Superior Court (Barke)* (1976) 64 Cal.App.3d 710, 715 [134 Cal.Rptr. 704]). However, when the plea tendered to the magistrate pertains "to a

crime divided into degrees," such plea may specify the degree only with *the consent of the prosecuting attorney expressed in open court and the magistrate's approval.* (§§ 1192.2, 1192.4.)[6] (Cf. § 1192.1 imposing the same requirement upon a similar plea of guilty in the superior court.)

In effect, in reducing the charge to a misdemeanor burglary followed by acceptance of a plea of guilty, the magistrate improperly fixed the degree of the admitted crime as second degree burglary. (See § 461.) Yet, absent the required prosecutorial consent, the magistrate was without authority to accept a guilty plea to such a "divided crime." In such circumstances the purported plea must be deemed withdrawn and the original felony charge remains subject to further appropriate pleas. (§ 1192.4.) And unless such offense is properly determined to be burglary in the second degree, it is not an offense punishable in the court's discretion alternatively (a "wobbler") "by imprisonment in the state prison or . . . county jail" (§ 17, subd. (b)) empowering the magistrate to declare it a misdemeanor under subdivision (b)(5). The attempt to circumscribe the explicit statutory restriction by purporting to invoke the statutory power reducing the charge to second degree burglary was wholly ineffectual and void. Under such circumstances the magistrate was without jurisdiction to accept the nonconsensual plea and the purported imposition of sentence on the invalid reduced misdemeanor charge constituted a nullity. (See *Burris* v. *Superior Court, supra,* 43 Cal.App.3d 530, 538.)[7]

### III

### *People's Right to Review*

■ Finally, we address the defendants' contention that the People have no right to appeal from the order reducing the charge and

---

[6]The controlling statutes read in pertinent part as follows: "Upon a plea of guilty before a committing magistrate as provided in Section 859a of this code, to a crime divided into degrees, *when consented to by the prosecuting attorney in open court* and approved by such magistrate, such plea may specify the degree thereof and in such event, the defendant cannot be punished for a higher degree of the crime than the degree specified." (§ 1192.2; italics added.)

"*If the defendant's plea of guilty* pursuant to Section . . . 1192.2 *is not accepted by the prosecuting attorney* and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter such plea or pleas as would otherwise have been available. . . ." (§ 1192.4; italics added.)

[7]Of course, it is clear that a municipal court judge sitting as an "inferior court" is empowered to impose judgment in sentencing a convicted misdemeanant (see §§ 1203, subd. (c), 1429, 1445 and 1449). However, as explained above, the jurisdictionally defective plea of guilty was wholly ineffectual and could not result in a valid misdemeanor conviction as a matter of law. (See *People* v. *Sturdy* (1965) 235 Cal.App.2d 306, 314-315 [45 Cal.Rptr. 203].)

suspending execution of the misdemeanor sentence imposed. As correctly argued by the defendants and determined by the appellate department of the superior court, the statute governing the right to appeal applies only to appealable orders rendered by a judge of an "inferior court," (§ 1466) as distinguished from a magistrate. For reasons which we have elaborated, a municipal court judge sitting as a magistrate does not take the functions and powers of his (inferior) court with him; an inferior court includes a municipal *court* but not the municipal judge while performing the separate and distinct function of a magistrate. (*People* v. *Randall, supra,* 35 Cal.App.3d 972, 974-975; accord: *People* v. *Belknap* (1974) 41 Cal.App.3d 1019, 1026-1027 [116 Cal.Rptr. 664].) Accordingly, the legislative determination limiting the People's right to appeal only from an order or judgment of an inferior court precludes review of a magistral order by direct appeal. (Cf. *People* v. *Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566 P.2d 622].)

■ Moreover, although we have concluded that the action of the magistrate was clearly erroneous, we are nevertheless unable to afford relief by treating the purported appeal as a request for an extraordinary writ as suggested. While the office of the prerogative writ may be available to review a claim of jurisdictional excess in cases involving an issue of significant importance (see *People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491, 501 [72 Cal.Rptr. 330, 446 P.2d 138]), that avenue of review has been effectively denied by the failure of the People to timely seek such extraordinary remedy. (See *People* v. *Drake, supra,* 19 Cal.3d 749, 758; *People* v. *Godfrey* (1978) 81 Cal.App.3d 896, 904-905 [147 Cal.Rptr. 9].)[8]

The appeal is dismissed.

Elkington, J., and Newsom, J., concurred.

---

[8]In view of our decision we do not reach the companion issue presented whether in an otherwise appropriate "wobbler-type" charge, a magistrate must either take evidence or provide a brief statement of reasons in exercising judicial discretion to reduce an alternative felony charge to a misdemeanor. (§ 17, subd. (b)(5); see *Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119, 125-126 [95 Cal.Rptr. 524, 485 P.2d 1140]; cf. *People* v. *Orin* (1975) 13 Cal.3d 937, 944 [120 Cal.Rptr. 65, 533 P.2d 193]; *People* v. *Russel* (1968) 69 Cal.2d 187, 195-196 [70 Cal.Rptr. 210, 443 P.2d 794]; *People* v. *Beasley* (1970) 5 Cal.App.3d 617, 635 [85 Cal.Rptr. 501].) Such issue should only be decided upon a factual record properly presenting that question.