[No. C005413. Third Dist. June 5, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER SILVERBRAND, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to rule 976.1 of the California Rules of Court, the Reporter of Decisions is directed to publish all portions of this opinion *except* parts I through VI and parts VIII and IX.

1622

## COUNSEL

Handy Horiye, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Lisbeth Bellet and Karen L. Ziskind, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SCOTLAND, J.—A jury convicted defendant of first degree murder (Pen. Code, §§ 187, 189; further statutory references are to this code unless otherwise noted) with personal use of a firearm (§ 12022.5). The jury also found true the special circumstances that defendant killed the victim in retaliation for his testimony in a criminal proceeding (§ 190.2, subd. (a)(10)) and killed the victim while lying in wait (§ 190.2, subd. (a)(15)). Defendant was sentenced to a two-year state prison term for the firearm use plus a consecutive term of life without possibility of parole.

On appeal, he raises numerous allegations of prejudicial error, including a contention that the killing-in-retaliation-for-testimony special circumstance is inapplicable where, as here, the victim gave an oral statement under oath in lieu of a written affidavit in support of a search warrant. (§ 1526, subd. (b).) We shall affirm the judgment.

In the published portion of this opinion, we conclude that a hearing before a magistrate to obtain a search warrant pursuant to section 1526, subdivision (b), is a "criminal proceeding" within the meaning of the section 190.2, subdivision (a)(10) special circumstance, regardless of whether the hearing takes place before or after commencement of a criminal action. In the unpublished portions of the opinion, we reject defendant's other claims of error.

## FACTS

In 1983, the Placer County Sheriff's Department began an investigation of Curtis Debord and others for illegal sales of automatic weapons and parts to convert semiautomatic weapons to fully automatic. Officers asked Roy Foreman, a confidential informant, to assist them by purchasing machine guns and machine gun parts from Debord.

Foreman did so, then appeared at a closed hearing before the Placer County Municipal Court to give oral testimony under oath in support of search and arrest warrants. Foreman's name was not revealed in the tran-

scribed statement. The warrants were issued, and Debord and his wife were arrested for felony weapons violations.

After charges were filed, Debord's counsel successfully moved for disclosure of Foreman's identity as the informant who furnished the oral affidavit. Counsel then subpoenaed Foreman to testify at Debord's preliminary examination. Debord ultimately was convicted.

Thereafter, Foreman was murdered at his home in a rural area of Loomis. The homicide investigation implicated defendant, an acquaintance of Debord, as the killer. At trial, the prosecution introduced evidence which indicated that defendant was a professional assassin who had been asked by his friend Debord to kill Foreman in retaliation for his being a "snitch" and testifying against Debord.

DISCUSSION

I-VI*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

VII

*A Hearing in Which a Magistrate Takes an Oral Statement Under Oath in Lieu of a Written Affidavit to Obtain a Search Warrant Is a "Criminal Proceeding" Within the Meaning of Section 190.2, Subdivision (a)(10).*

The information alleged as a special circumstance that the victim was a witness to a crime who was intentionally killed in retaliation for his testimony in a previous criminal proceeding. (§ 190.2, subd. (a)(10); hereinafter subdivision (a)(10).)[9] The criminal proceeding referred to was the hearing before a magistrate in which the victim gave a statement under oath in lieu

---

\* See footnote, *ante*, page 1621.

[9] Section 190.2 provides in pertinent part: "(a) The penalty for a defendant found guilty of murder in the first degree shall be death or confinement in state prison for a term of life without the possibility of parole in any case in which one or more of the following special circumstances has been charged and specially found under Section 190.4, to be true: . . . [¶] (10) The victim was a witness to a crime who was intentionally killed for the purpose of preventing his testimony in any criminal proceeding, and the killing was not committed during the commission, or attempted commission of the crime to which he was a witness; or the victim was a witness to a crime and was intentionally killed in retaliation for his testimony in any criminal proceeding."

of a written affidavit to obtain a search warrant. (Pen. Code § 1526, subd. (b).)

■ Defendant unsuccessfully moved to dismiss the special circumstance on the ground this hearing was not a "criminal proceeding" within the meaning of subdivision (a)(10) because no action was pending against the Debords until after the warrant was executed and they were arrested. He renews this claim on appeal.

Our point of departure is *People* v. *Weidert* (1985) 39 Cal.3d 836 [218 Cal.Rptr. 57, 705 P.2d 380], which holds that subdivision (a)(10) applies only to criminal, not juvenile, proceedings. ■ *Weidert* emphasizes the familiar rule that when, as here, the statutory language is clear and unambiguous, there is no need for construction, and courts should not indulge in it. "Since the language of subdivision (a)(10) is clear, 'its plain meaning should be followed.'" (*Id.* at p. 843, quoting *Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) Accordingly, our task is simply to decide whether the hearing at issue is a criminal proceeding. We conclude it is.

We begin with the most obvious clue: the placement within the Penal Code of the provision under which the victim gave his testimony. Oral affidavits in support of search warrants are authorized by section 1526, subdivision (b), which provides in relevant part: "In lieu of the written affidavit required in subdivision (a), the magistrate may take an oral statement under oath which shall be recorded and transcribed. The transcribed statement shall be deemed to be an affidavit for the purposes of this chapter." Section 1526 is contained in the chapter governing search warrants (beginning with § 1523), which is found in title XII of part 2 of the Penal Code.

■ The fact that the code commissioners gave title XII the caption, "Of Special Proceedings of a Criminal Nature," and this designation was approved by the Legislature in 1872 when it established the Penal Code, indicates that a section 1526 hearing is a criminal proceeding by virtue of its placement under title XII. ■ The titles, chapters and section headings enacted by the Legislature "are not merely editor's notes, but are integral parts of the code itself and must be consulted in ascertaining and interpreting the legislative will as expressed in the various sections." (*People* v. *Richards* (1927) 86 Cal.App. 86, 90 [260 P. 582]; see also *Kahrs* v. *County of Los Angeles* (1938) 28 Cal.App.2d 46, 49 [82 P.2d 29]; *People* v. *Fink* (1932) 121 Cal.App. 14, 16 [8 P.2d 493]; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Introduction to Crimes, § 32, pp. 41-42.)

Next we look to the language of section 1526 itself. The section provides that an oral statement under oath in lieu of a written affidavit in support of a search warrant must take place in a hearing before a magistrate. ■ Purely "a creature of statute" (§§ 807, 808), a magistrate "possesses only the limited jurisdiction and magistral powers conferred by the state Constitution and statute." (*People* v. *Hawkins* (1978) 85 Cal.App.3d 960, 965 [149 Cal.Rptr. 855]; see also *People* v. *Brandon* (1989) 206 Cal.App.3d 1565, 1570 [254 Cal.Rptr. 504].) A review of these powers reveals that the duties of a magistrate are solely criminal in nature. (*Hawkins, supra*, at p. 965, fn. 5; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Introduction to Criminal Procedure, § 1809, pp. 2142-2143.)

■ That the Legislature has designated a magistrate to preside over section 1526 hearings, coupled with their inclusion within title XII, signifies a legislative intent to make these hearings criminal proceedings.[10]

This conclusion is consistent with another long-standing rule of statutory construction. ■ Since the term "criminal proceeding" is not defined in the codes, we must look to the meaning these words bear in ordinary usage. (*Title Ins. & Trust Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 91 [255 Cal.Rptr. 670, 767 P.2d 1148]; *Valladares* v. *Stone* (1990) 218 Cal.App.3d 362, 369 [267 Cal.Rptr. 57].) ■ A proceeding is "a particular step or series of steps adopted for doing or accomplishing something." (Webster's 3d New Internat. Dict. (1986) p. 1807.) In legal terms, a proceeding is defined "[i]n a general sense, [as] the form and manner of conducting juridical business before a court or judicial officer;" and more particularly as "[a]n act which is done by the authority or direction of the court . . . ; an act necessary to be done in order to obtain a given end." (Black's Law Dict. (5th ed. 1979) p. 1083.) ■ "Criminal proceeding" is defined in Ballantine's Law Dictionary (3d ed. 1969) page 291, as a "proceeding in court in the prosecution of a person charged or to be charged with the commission of a crime, contemplating the conviction and punishment of the person charged or to be charged."

■ A section 1526 hearing meets each of these definitions. Here, it is undisputed that the hearing at which the victim testified was a necessary step law enforcement was taking in court to obtain the authority to search for and seize evidence to assist in the potential prosecution of a person (Debord) who was under investigation for the commission of a crime. Thus, a section 1526 hearing falls within the usual, ordinary meaning of the term "criminal proceeding."

---

[10]The question is not before us, and we do not decide, whether every proceeding included under title XII is a "criminal proceeding" within the meaning of subdivision (a)(10). (Cf. 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 21, pp. 52-53.)

■ It is a well-established rule of statutory construction that the enactors of a new statute are familiar with previous legislative enactments at the time the new statute is adopted. (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977-978, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394]; *Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 334 [265 Cal.Rptr. 788].) Accordingly, we must presume that the drafters of subdivision (a)(10) and the voters who adopted it at the general election of November 7, 1978, were aware that a section 1526 hearing is a criminal proceeding and, thus, the drafters and voters intended to include such hearings within the provisions of subdivision (a)(10).

■ Defendant contends, however, that a section 1526 hearing is not a "criminal proceeding" because it is not a criminal *action*. His argument is distilled as follows: (1) criminal actions include criminal proceedings (Evid. Code, § 130); (2) no criminal action had commenced at the time the victim testified at a hearing in support of the search warrant (§§ 683, 804); thus (3) the hearing was not a criminal proceeding within the meaning of subdivision (a)(10). This argument is a non sequitur.

We agree that when the victim testified, the hearing was not a criminal *action*. Section 683 provides that a criminal action is "the proceeding by which a party charged with a public offense is accused and brought to trial and punishment . . . ." A "prosecution for an offense is commenced when any of the following occurs: [¶] (a) An indictment or information is filed. [¶] (b) A complaint is filed with an inferior court charging a public offense of which the inferior court has original trial jurisdiction. [¶] (c) A case is certified to the superior court. [¶] (d) An arrest warrant or bench warrant is issued . . . ." (§ 804.) Obviously, when a search warrant is obtained during the investigation of an offense, before the prosecution of an individual has commenced, a hearing in which oral testimony is given in support of the warrant is not a part of a criminal action.

However, subdivision (a)(10) is not limited to criminal actions within the meaning of section 683. Rather, the subdivision unambiguously applies to *any* criminal *proceeding*. (*Weidert, supra,* 39 Cal.3d at p. 843.) Because a criminal action "includes" criminal proceedings, i.e., has criminal proceedings as its component parts, does not mean that a proceeding which takes place prior to the commencement of a criminal action cannot be a criminal proceeding. Stated another way, although all criminal actions include criminal proceedings, not all criminal proceedings are necessarily criminal actions. That this is so is made clear by the California Law Revision Commission's comment to Evidence Code section 130. The commission states that defining criminal action to include criminal proceedings "eliminates the necessity of repeating [criminal] action *or* proceeding' in numerous code

sections, and . . . assures the applicability of the Evidence Code to all actions *and* proceedings." (7 Cal. Law Revision Com. Rep. (1965) pp. 42-43; italics added.) This comment made in conjunction with the enactment of Evidence Code section 130 shows that the Legislature has differentiated between criminal proceedings and criminal actions. Thus, defendant's argument that the hearing in question was not a criminal proceeding because no criminal action was then pending must fail.

For the reasons discussed above, we conclude that a section 1526 hearing is a criminal proceeding within the meaning of subdivision (a)(10) regardless of whether it takes place before or after the commencement of a criminal action.

■ Despite the California Supreme Court's observation that subdivision (a)(10) is clear and unambiguous, defendant urges us to find ambiguity in the statutory scheme and construe the statute most favorably to the accused. (See *People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1011 [239 Cal.Rptr. 656, 741 P.2d 154].) He states that subdivision (a)(10) is not addressed to the killings of peace officers because section 190.2, subdivisions (a)(7) and (a)(8), already provide special circumstances for such killings. From this he infers that subdivision (a)(10) was not meant to reach testimony given in support of a search warrant because in most cases, unlike the present one, affidavits for search warrants are executed by peace officers. (Citing *People* v. *Kurland* (1980) 28 Cal.3d 376, 381-396 [168 Cal.Rptr. 667, 618 P.2d 213].)

Although not so framed, defendant's tortured argument appears to be premised on the rule, recently reiterated in *People* v. *Clark* (1990) 50 Cal.3d 583 [268 Cal.Rptr. 399, 789 P.2d 127], that " '[T]he court should construe special circumstance provisions to minimize those cases in which multiple circumstances will apply to the same conduct, thereby reducing the risk that multiple findings on special circumstances will prejudice the defendant.' " (*Id.*, at p. 606, quoting *People* v. *Bigelow* (1984) 37 Cal.3d 731, 751 [209 Cal.Rptr. 328, 691 P.2d 994, 64 A.L.R.4th 723].) For example, in *Bigelow*, the court declined to broadly construe the murder for financial gain special circumstance (§ 190.2, subd. (a)(1)) to encompass a killing during the commission of a kidnaping and robbery because such a construction would create a large area of overlap with the felony-murder special circumstance (§ 190.2, subd. (a)(17)) since most robberies, as well as many burglaries, kidnapings, and arsons, are committed for financial gain. (*Bigelow, supra*, at pp. 750-751.) Similarly, in *Clark* the court declined to treat as a murder by means of an "explosive" a homicide which occurred when the killer set fire to a home by intentionally igniting gasoline vapors with highway flares. The court reasoned, in part, that such a killing already is

covered by the special circumstance of murder in the commission or attempted commission of arson. (*Clark, supra,* at pp. 605-606; see § 190.2, subds. (a)(6), (a)(17)(viii).)

However, as *Bigelow* points out, the construction urged by defendant should apply only if "there will remain at least one special circumstance . . . applicable in virtually all cases in which the defendant killed [in retaliation for a witness's testimony at a section 1526 hearing]." (*Bigelow, supra,* 37 Cal.3d at p. 751.) Here, the overlap between special circumstances is less complete than in *Bigelow* and *Clark.* Persons other than peace officers provide affidavits in support of search warrants, as this case demonstrates. Were defendant's argument accepted, those persons would not be covered by any special circumstance. Thus, rather than remove an overlap, defendant's argument would create a gap in the special circumstance law which the electorate did not intend. (See *People* v. *Dominick* (1986) 182 Cal.App.3d 1174, 1201 [227 Cal.Rptr. 849].) Accordingly, we reject his contention.

■ Defendant also argues that an examination of the two clauses of subdivision (a)(10)—the first of which applies to a witness killed for the purpose of "preventing his testimony" in a criminal proceeding, while the other applies to a witness killed "in retaliation for his testimony" in a criminal proceeding—reveals that the subdivision does not apply to proceedings to obtain search warrants. In defendant's words, "the proceeding contemplated is one during a criminal proceeding and not before such criminal proceeding such as a proceeding to obtain a search warrant. In the normal case, a defendant may not know that a person contemplates giving testimony at a hearing to obtain a search warrant. Thus it is not reasonable to have a statute punish because of a killing to prevent this testimony." To state this unsound contention is to refute it.

Simply put, defendant's arguments are untenable because subdivision (a)(10) unambiguously applies to *any* criminal *proceeding,* including the section 1526, subdivision (b), hearing at which the victim testified before the commencement of this criminal action. Accordingly, the special circumstance was properly imposed.

VIII, IX*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

* See footnote, *ante,* page 1621.

## DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Carr, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 13, 1990.