[No. C006487. Third Dist. Nov. 28, 1990.]

JOHN C. WILLIAMS et al., Plaintiffs and Appellants, v.
COUNTY OF SAN JOAQUIN et al., Defendants and Respondents.

COUNSEL

Michael F. Babitzke for Plaintiffs and Apellants.

John F. Cheadle, County Counsel, and Patrick H. Curran, Deputy County Counsel, for Defendants and Respondents.

OPINION

SCOTLAND, J.—Plaintiffs, a taxpayer and a bail bondsmen's association, brought this action against the County of San Joaquin (the county) and its sheriff to enjoin operation of the county's own recognizance release program (the OR release program). Authorized by Penal Code section 1318.1,[1] the OR release program employs investigators to interview individuals who have been arrested and detained in the county jail and to make recommendations to judges regarding whether, prior to any court appearances, the arrestees should be released on their own recognizance (OR), i.e., on their promises to appear in court without posting bail. (Pen. Code, § 1318.)

In this appeal from a judgment of dismissal entered after the trial court sustained the county's demurrer, we reject plaintiffs' constitutional and statutory attack on the OR release program. Contrary to plaintiffs' claim, the fact that the district attorney's office is not given notice and an opportunity to participate in decisions to grant OR releases prior to court appearances does not violate the "Public Safety Bail" provisions of article I, section 28, subdivision (e), of the California Constitution or the statutory bail provisions of Penal Code section 1274. While these provisions include a requirement that the prosecuting attorney be given notice and an opportunity to be heard regarding releases on *bail*, neither provision mandates such notice or hearing prior to an OR release. In effect, plaintiffs ask us to rewrite the provisions to impose such a requirement. We have no power to do so.

DISCUSSION

I

"Our only task in reviewing a ruling on a demurrer is to determine whether the complaint states a cause of action. Accordingly, we assume that

[1] Penal Code section 1318.1 provides: "A court may, with the concurrence of the board of supervisors, employ an investigative staff for the purpose of recommending whether a defendant should be released on his or her own recognizance."

the complaint's properly pleaded material allegations are true and give the complaint a reasonable interpretation by reading it as a whole and all its parts in their context." (*Garcia* v. *Superior Court* (1990) 50 Cal.3d 728, 732 [268 Cal.Rptr. 779, 789 P.2d 960].)

In pertinent part, plaintiffs' complaint alleges the following:

"Within twelve months last past, under the direction and control of [the county], a bail [*sic*] release program has been and is being conducted. Pursuant to the terms of said bail [*sic*] release program individuals who are arrested and in custody at [the county jail] are being interviewed by an Investigative Staff appointed pursuant to [section] 1318.1 of the Penal Code. Pursuant to such interview process, the investigative staff appointed by [the county] . . . interviews individuals who have been arrested in order to make recommendations to the judges sitting in [the county] as to whether or not such individuals shall be released on their own recognizance. Pursuant to this process, the Investigative Staff either verifies the residence and employment or claims to verify said residence and employment and either obtains rap sheets or claims to obtain rap sheets of said individuals who have been so arrested.

"Based on such interview process which takes place in [the county jail] the Investigative Staff then via telephone makes recommendations to judges as to whether or not such individuals shall be released. If the judge, pursuant to telephone conversation, authorizes same, then such individual is released on his own recognizance from the jail facility.

"The District Attorney of [the county] does not participate in the own recognizance release process. Said process is a violation of law, specifically, Penal Code Section 1274, which provides that whenever bail is a matter of discretion notice of application must be given to the District Attorney and when admission to bail is a matter of discretion the court or officer to whom the application is made must require reasonable notice thereof to be given to the District Attorney of the county.

"In violation of Section 1274 of the Penal Code no notice is given to the District Attorney and as a result, the District Attorney does not participate in any fashion in the decision making process with respect to individual defendants released from [the county jail]." (Paragraph headings deleted.)

Because the action was brought as a taxpayer's action (Code Civ. Proc., § 526a), plaintiffs alleged that the OR release program "is useless and a wasteful expenditure of public funds in that it violates the provisions of the California Constitution Article 1, Section 12, California Constitution

Article 1, Section 28 and [Section] 1274 of the Penal Code." The complaint sought a preliminary injunction "prohibiting the practice of permitting the Investigative Staff of the County of San Joaquin to make recommendations from the San Joaquin County Jail to the judges of San Joaquin County without a hearing as required by law."

The trial court sustained the county's demurrer without leave to amend, and this appeal followed.[2]

## II

■ According to plaintiffs, the constitutional and statutory scheme for granting an OR release "is being circumvented, shortcutted [*sic*], and totally eliminated" by the county's OR release program. This is so, they argue, because the program is operated "under circumstances when the District Attorney's Office does not have any notice whatsoever and therefore does not have any participation in said process." In plaintiffs' view, article I, section 28, subdivision (e), of the California Constitution and Penal Code section 1274[3] require that the district attorney be given notice of, and the opportunity to be involved in, any decision to grant an OR release.

This contention overlooks the distinction between release on bail and OR release and disregards the fact that the constitutional and statutory provisions at issue require that the prosecuting attorney be given notice and an opportunity to be heard only in applications for release on bail.

The California Supreme Court has recognized that release on bail and OR release are separate and distinct procedures. As stated in *Van Atta* v. *Scott* (1980) 27 Cal.3d 424 [166 Cal.Rptr. 149, 613 P.2d 210], "Release on own recognizance and release on bail are alternative and complementary

---

[2] The complaint also claimed the OR release program's investigative staff advised prospective OR candidates not to post bail before a judge considered their applications for OR release. Alleging on information and belief "that many of the individuals who receive O.R. releases would in the absence of [this advice] post bail," plaintiffs sought a preliminary injunction "prohibiting the Investigative Staff of San Joaquin County from advising inmates not to post bail pending resolution of the O.R. release program." In their memorandum of points and authorities in support of the preliminary injunction, plaintiffs "stipulated" that if the OR release program were found to be proper, "there is an insufficient ground to grant a preliminary injunction on the basis of interfering with respect to economic advantage," i.e., to enjoin the staff's giving of advice.

After sustaining the county's demurrer to this portion of the complaint, the trial court granted plaintiffs leave to amend to allege unlawful practice of law by the investigative staff. Plaintiffs declined to do so. On appeal, plaintiffs do not attack this ruling and thus have waived any claim of error. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 479, pp. 469-471, and cases cited.)

[3] Further statutory references are to the Penal Code unless otherwise specified.

systems." (*Id.*, at p. 452 [lead opn.].) The bail system, including section 1274, dates from the original Penal Code adopted in 1872. Its basic provisions are contained in title X, chapter 1, article 1 of the Penal Code, commencing with section 1268. In contrast, the practice of releasing a defendant charged with minor offenses on his or her own recognizance developed independently of statute. (*People* v. *Jenkins* (1983) 146 Cal.App.3d 22, 26 [193 Cal.Rptr. 854]; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2034, p. 2397.) OR release first received legislative recognition in 1959 by the enactment of former Penal Code sections 1318 et seq. (*Ibid.*) In 1979, the Legislature added the predecessor of current section 1270, which expressly recognizes OR release as an alternative to release on bail, and added sections 1318, 1318.1, and 1320 which provide the procedural framework for OR releases. (Stats. 1979, ch. 873.) The procedure relating to OR release is currently set forth in title X, chapter 1, article 9, commencing with section 1318.

Bearing in mind that release on bail is not synonymous with OR release, we turn to the provisions cited by plaintiffs to determine whether they mandate that the prosecuting attorney be given notice and an opportunity to be heard before a detainee is discharged from custody under the OR release program.

Subdivision (e) of article I, section 28 of the Constitution (subdivision (e)) states:

"A person may be released on bail by sufficient sureties, except for capital crimes when the facts are evident or the presumption great. Excessive bail may not be required. In setting, reducing or denying bail, the judge or magistrate shall take into consideration the protection of the public, the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at the trial or hearing of the case. Public safety shall be the primary consideration.

"A person may be released on his or her own recognizance in the court's discretion, subject to the same factors considered in setting bail. However, no person charged with the commission of any serious felony shall be released on his or her own recognizance.[4]

"Before any person arrested for a serious felony may be released on *bail*, a hearing may be held before the magistrate or judge, and the prosecuting attorney shall be given notice and reasonable opportunity to be heard on the matter. When a judge or magistrate grants or denies bail or release on a

---

[4] As used in subdivision (e), "the term 'serious felony' is any crime defined in Penal Code, Section 1192.7(c)." (Art. I, § 28, subd. (g).)

person's own recognizance, the reasons for that decision shall be stated in the record and included in the court's minutes." (Italics added.)[5]

Section 1274 provides: "When the admission to *bail* is a matter of discretion, the court or officer to whom the application is made must require reasonable notice thereof to be given to the district attorney of the county." (Italics added.)

Nothing in these provisions expressly requires notice and an opportunity for the prosecuting attorney to be heard before a detainee is granted an OR release. Nevertheless, plaintiffs suggest that since the trial court has discretion to release certain classes of offenders either on bail or OR (§ 1270), we should construe the notice provisions regarding applications for bail to apply equally to requests for OR release because whenever the court grants an OR release it *could* have chosen bail, for which notice would be required. Under settled rules of statutory construction, we are not at liberty to adopt an interpretation so at odds with the plain language of the statute.

■ Both the Legislature and the electorate by the initiative process are deemed to be aware of laws in effect at the time they enact new laws and are conclusively presumed to have enacted the new laws in light of existing laws having direct bearing upon them. (*Viking Pools, Inc.* v. *Maloney* (1989) 48 Cal.3d 602, 609 [257 Cal.Rptr. 320, 770 P.2d 732]; *People* v. *Weidert* (1985) 39 Cal.3d 836, 844 [218 Cal.Rptr. 57, 705 P.2d 380]; *People* v. *Silverbrand* (1990) 220 Cal.App.3d 1621, 1628 [270 Cal.Rptr. 261].) Thus, when in 1979 the Legislature enacted the provisions governing OR releases (§§ 1270, 1318, 1318.1, and 1320), it was aware of the bail release statutes, including section 1274 which requires the district attorney to be notified of applications for bail whenever the court has discretion to grant or deny bail. Nevertheless, it did not include a similar notice provision in the alternative and complementary OR release system.

We may not infer that the Legislature simply thought it unnecessary to repeat itself. ■ Rather, " ' "Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed." ' " (*People* v. *Drake* (1977) 19 Cal.3d 749, 755

---

[5] Subdivision (e) was enacted as part of Proposition 8 at the June 1982 Primary Election. (See *Brosnahan* v. *Brown* (1982) 32 Cal.3d 236, 255 [186 Cal.Rptr. 30, 651 P.2d 274].) For present purposes we shall assume without deciding that this provision is effective in its entirety notwithstanding the enactment, at the same election by a greater majority, of Proposition 4 which also pertained to bail and release on own recognizance. (See Cal. Const., art. I, § 12; art. XVIII, § 4; *Taxpayers to Limit Campaign Spending* v. *Fair Political Practices Com.* (1990) 51 Cal.3d 744 [274 Cal.Rptr. 787, 799 P.2d 1220]; *Brosnahan, supra,* at p. 255.)

[139 Cal.Rptr. 720, 566 P.2d 622], quoting *People* v. *Valentine* (1946) 28 Cal.2d 121, 142 [169 P.2d 1]; see *Sonoma Subaru, Inc.* v. *New Motor Vehicle Bd.* (1987) 189 Cal.App.3d 13, 21-22 [234 Cal.Rptr. 226].) Accordingly, we must presume that when the Legislature did not include in the OR release statutes a provision similar to section 1274, it intended that notice to the prosecuting attorney is not required when the court in its discretion considers an application for OR release. (*Ibid.*)

That this presumption accurately reflects legislative intent became obvious in 1986 when the Legislature added section 1319 to the OR release statutes. That section provides in relevant part: "Before any person arrested for a violent felony is released on his or her own recognizance, a hearing shall be held in open court before the magistrate or judge, and the prosecuting attorney shall be given notice and a reasonable opportunity to be heard on the matter." (Stats. 1986, ch. 543 [urgency].) Thus, in 1986 the Legislature found it necessary to require, by urgency legislation, that persons accused of violent felonies shall not be granted OR release without a formal hearing accompanied by essentially the same notice to the prosecutor as required by section 1274 for bail applications. Had the Legislature thought that section 1274 already governed OR releases, the notice provision of section 1319 would have been unnecessary.

■ In sum, under the statutory scheme, pre-OR release notice to the prosecuting attorney is required only where the detainee is accused of committing a violent felony. Plaintiffs have not alleged, nor have they sought leave to amend to allege, that defendants are violating section 1319.[6]

As to plaintiffs' constitutional attack, subdivision (e) does not require that the prosecuting attorney be notified and given the opportunity to be heard before the granting of an OR release. Its notice and hearing provision applies only when an applicant for *bail* has been arrested for a serious felony. If the enactors of subdivision (e) had intended a notice and hearing requirement to apply to OR releases, they could have said so. They did not, and we in the judiciary have no authority to rewrite the law to fill this void.[7]

---

[6] The burden of proving that a complaint can successfully be amended rests squarely on the plaintiff. (*Blatty* v. *New York Times Co.* (1986) 42 Cal.3d 1033, 1040-1041 [232 Cal.Rptr. 542, 728 P.2d 1177].) Having failed to seek leave to amend in the trial court, they do not contend on appeal that the court impermissibly declined to give them an opportunity to amend their complaint.

[7] Read as a whole, plaintiffs' complaint does not allege that anyone accused of a serious felony is being released on bail without the district attorney receiving proper notice and an opportunity to be heard. Their allegations focus exclusively on persons being granted OR releases—a group which does not include persons accused of serious felonies who are constitutionally ineligible for OR release. (Subd. (e).) Thus, the complaint does not allege a violation of subdivision (e).

Citing the constitutional requirement that public safety shall be the primary consideration in determining whether a detainee may be granted an OR release (subd. (e)), plaintiffs rhetorically ask, "[H]ow can the protection of the public [be] considered when the public's representative, i.e., the District Attorney's Office, is not even involved." The answer may be gleaned from the constitutional and statutory provisions governing the OR release process. In assigning to the judge or magistrate the task of considering public safety, the Legislature and the enactors of subdivision (e) evidently concluded that in cases involving other than violent felonies, the judge or magistrate can adequately do so without the prosecuting attorney's assistance. To the extent that plaintiffs' criticism of this determination may be valid, it is addressed to the wisdom of the existing scheme. Yet, "[i]t is for the Legislature, not the courts, to pass upon the social wisdom of such an enactment. And, if there is a flaw in the statutory scheme, it is up to the Legislature, not the courts, to correct it." (*Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 334 [265 Cal.Rptr. 788].)

Referring to the constitutional requirement that the court consider "the prior criminal record of the defendant" before granting an OR release (subd. (e)), plaintiffs complain that the OR release program's reliance on rap sheets alone is inadequate to meet this standard. Rather, they suggest, "Presumably, the previous criminal record of the defendant would include such matters as the successful termination or lack thereof of probation pending Orders to Show Cause to revoke probation, contemplated but unfiled charges of other offenses, a review of police reports or similarity of offenses, and many other intangible matters that are often utilized by prosecuting attorneys in making evaluations as to what to recommend to the court."

This argument asks us to read something into the constitutional and statutory provisions relating to OR releases. We are not at liberty to do so. Moreover, the contention constitutes yet another attack on the social wisdom of the scheme. As such, the complaint should be addressed to the Legislature.

In addition, the claim that judges or magistrates should not rely exclusively on rap sheets is misplaced in this action because plaintiffs have named only the county and its sheriff as defendants and seek only to enjoin certain conduct by the OR release program investigative staff. Any error on the part of judges or magistrates could not affect the present defendants' entitlement to judgment and thus need not be considered.

Lastly, plaintiffs assert that when judges and magistrates telephonically approve OR releases of detainees directly from the jail, they violate the

provision of subdivision (e) which requires, "When a judge or magistrate grants . . . release on a person's own recognizance, the reasons for that decision shall be stated in the record and included in the court's minutes." This contention, too, is misplaced in this action which does not name any court, judge, or magistrate as a defendant. A conclusion that a judge or magistrate acted unconstitutionally could not affect the present defendants' entitlement to judgment.

Since, for the reasons stated above, plaintiffs' complaint failed to state a viable cause of action that defendants violated subdivision (e) of the California Constitution and section 1274 of the Penal Code in administering the OR release program, the trial court properly sustained the county's demurrer without leave to amend.

Disposition

The judgment is affirmed.

Puglia, P. J., and Sparks, J., concurred.